THOMAS J. DUGGAN AND JOAN M. DUGGAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9315–79.     Filed October 22, 1981.

*Thomas H. Jensen*, for the petitioners.
*Stuart D. Gibson*, for the respondent.

IRWIN, *Judge*: Respondent initially determined a deficiency of $175 in petitioners' Federal income tax for 1976. After certain concessions by petitioners and the assessment and payment of a portion of the deficiency, the issues remaining for decision are whether petitioner Thomas J. Duggan[1] is entitled to a deduction under section 162(a)[2] for expenses

---

[1]Inasmuch as Joan M. Duggan is a party to this proceeding solely because she filed a joint return with her husband, for convenience we will hereinafter refer to Thomas J. Duggan as the petitioner.

[2]All statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

incurred for meals eaten while on duty as a firefighter and, if so, whether such expenses have been properly substantiated.

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts as amended at trial and the attached exhibits are incorporated herein by this reference.

Petitioner was a resident of Saint Paul, Minn., at the time the petition was filed in this case. He timely filed a Federal income tax return for the 1976 taxable year.

Petitioner had been employed by the Saint Paul Fire Department for 21 years at the time of trial and had held the position of fire equipment operator for approximately 10 years. In 1976, he was assigned to No. 14 Fire Station located at 91 Snelling Avenue.

Department employees work 24-hour duty shifts that begin at 8 a.m. and end at 8 a.m. the following day. During the duty shifts, employees perform tasks such as firefighting, inspecting buildings for fire hazards, and participating in training and testing programs. Department employees are on duty at all times during the 24-hour shifts and are only allowed to leave the fire station on business or if they are ill.

As required by a collective bargaining agreement, petitioner's employer provided certain cooking and eating facilities at No. 14 Fire Station such as a stove, two refrigerators, and a table and chairs. During 1976, there were 12 persons working each shift and, generally, meals were prepared as a common mess with one person designated as cook and two others as helpers on a rotation system. The person designated as the cook for a particular day bought the groceries and prepared the meals. The cook divided the total grocery bill by the number of employees participating in the meals that day and collected a ratable portion from each. Thus, the amount contributed by each employee varied from day to day. In addition, employees were assessed 35 cents per day for a "house fund" which was used to defray the cost of coffee, pots, appliances, and other cooking utensils.

A similar system was in effect in the other 15 fire stations in the city, with the exception of a few stations that employed only three persons per shift. However, participation in the

common mess was not mandatory and some employees did not participate, such as individuals with diet restrictions. Although not as practical under the circumstances, employees also had the option of bringing food already prepared or bringing groceries and preparing their own meals at work.

Petitioner worked 110 24-hour shifts during 1976 and claimed a deduction of $5 per day on his 1976 Federal tax return as an employee business expense for the cost of meals eaten while on duty.[3] In the statutory notice of deficiency mailed to petitioner on April 20, 1979, respondent disallowed the deduction on the basis that it constituted a personal living expense and not a deductible business expense.

## OPINION

The primary issue for decision is whether petitioner's contributions to the common mess and house fund at his place of employment qualify as ordinary and necessary business expenses or whether such payments must be relegated to the status of nondeductible personal living expenses.

Section 262 states the general rule that personal living expenses are not deductible for Federal income tax purposes unless expressly permitted by another Code section.[4] As the cost of food is ordinarily such a personal expense,[5] we must determine whether the instant expenditures come within a

---

[3]Petitioner originally deducted $595 on the basis of 119 duty shifts worked. Upon a review of his records, however, petitioner discovered that he worked only 110 duty shifts during 1976 and accordingly conceded $45 of the proposed adjustment to income and orally amended the stipulation of facts on this point at trial. Thus, petitioner's total claimed deduction at issue is $550. As petitioner kept no records of the amounts contributed, he arrived at a $5 per day figure by estimating that $4.65 was his average daily contribution to defray the cost of the groceries purchased for each day's meals. The remaining 35 cents represented the daily contribution to the house fund. Because we see no need to separately analyze the merits of the deductibility of the two amounts, our consideration and disposition of the issue of the deductibility of contributions to the common mess includes a consideration of the issue of the deductibility of contributions to the house fund.

[4]SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

[5]The regulations provide in pertinent part that "Except as permitted under section 162, 212 or 217 the costs of the taxpayer's meals not incurred in traveling away from home are personal expenses." Sec. 1.262–1(b)(5), Income Tax Regs. Petitioner does not contend, nor would the facts support, an argument that the expenses at issue were incurred while traveling.

statutory exception. Petitioner relies on section 162(a) as providing the needed exception.[6] That section provides as follows:

SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

In order for personal living expenses to qualify as deductible business expenses, the taxpayer must demonstrate that the expenditures were "different from or in excess of that which would have been made for the taxpayer's personal purposes." *Sutter v. Commissioner*, 21 T.C. 170, 173 (1953). The essence of petitioner's argument is that because he was on duty at all times during the 24-hour shifts for which meal expenses were claimed and was required to eat his meals at the fire station, these expenses are somehow transformed into deductible business expenses.[7]

The facts of two cases decided by this Court, *Sibla v. Commissioner*, 68 T.C. 422 (1977), and *Cooper v. Commissioner*, 67 T.C. 870 (1977), both affd. *Sibla v. Commissioner*, 611 F.2d 1260 (9th Cir. 1980), are in certain aspects analogous to the case at bar. Those cases involved employees of the Los Angeles Fire Department who were required, as a condition of their employment, both to contribute to, and participate in, a nonexclusionary organized mess at the station house for the purpose of implementing a racial desegregation plan. In allowing a deduction for these required payments, the Court in *Cooper v. Commissioner, supra* at 873, noted that "many expenditures possess both personal and business attributes. In these situations, placement of that often thin line which distinguishes a 'personal expense' from a 'business expense' depends primarily upon the facts and circumstances of each

---

[6]Petitioner does not argue the applicability of sec. 119 as the parties stipulated that no meals were provided by petitioner's employer.

[7]Generally, meals eaten during the workday are not deductible as a business expense. *Osteen v. Commissioner*, 14 T.C. 1261 (1950). See also *Josan v. Commissioner*, T.C. Memo. 1974–144; *Taylor v. Commissioner*, a Memorandum Opinion of this Court dated June 24, 1952. The same result holds even when the employee remains on duty during the meal, *Moscini v. Commissioner*, T.C. Memo. 1977–245, or if the employee is required to work long hours, *Murphey v. Commissioner*, T.C. Memo. 1975–317.

particular case." Although petitioner urges that *Sibla* and *Cooper* are controlling here, we find that the facts and circumstances of the instant case fall short of crossing that "thin line."

In contrast to the taxpayers in *Sibla* and *Cooper*, petitioner was not *required* by his employer to contribute to, or participate in, the common mess, but did so because he preferred it to the other alternatives available for providing his on-duty meals, such as bringing prepared food from home or bringing his own groceries and preparing his food at the station. Also, unlike the facts of *Sibla* and *Cooper*, petitioner was not forced to pay for any meals he was unable to eat and, in fact, testified that he felt he had received full value for the amounts he paid for meals and for the house fund, and that the cost of his meals purchased through the common mess was no greater than the cost of meals purchased off duty. Finally, the mess was not organized by the petitioner's employer, but rather, by the employees themselves for their own convenience. Although the taxpayer's employer provided certain equipment for the preparation of meals, the implication from the fact that these facilities were provided as a result of collective bargaining is that they existed for the benefit of the employees, not the employer. Merely because petitioner found the option he chose more convenient and, in his opinion, the only practical alternative, does not suffice to transform an inherently personal expense into a deductible business expense under section 162. If we were to find for petitioner here, it would indeed be difficult in the future to find a rational basis to distinguish other cases where the exigencies of employment restrict an employee's options for meals eaten during the workday.

Although variously characterized by the petitioner as minor variations and distinctions without a difference, we find to the contrary that the factual differences between this case and *Cooper v. Commissioner, supra,* and *Sibla v. Commissioner, supra,* are substantial and determinative of the result.[8]

*Decision will be entered under Rule 155.*

---

[8]The facts of this case are instead indistinguishable in all relevant aspects from *Murphey v. Commissioner*, T.C. Memo. 1975–317. There, petitioner, who was a fireman working 24-

---

hour shifts and was prohibited from leaving the station house for meals, was denied a deduction for the cost of groceries he brought to work and prepared at the fire station. In *Cooper v. Commissioner, supra* at 874 n. 4, we specifically preserved our prior holding in *Murphey* by noting that it was distinguishable on its facts. See also *Banks v. Commissioner,* T.C. Memo. 1981–490.

Because of our resolution of the issue of deductibility we need not consider the question of what amount of the claimed expenses have been properly substantiated.

