JAMES E. CALDWELL and DOLORES R. CALDWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caldwell v. Commissioner
Docket No. 16228-80.
United States Tax Court
T.C. Memo 1982-241; 1982 Tax Ct. Memo LEXIS 511; 43 T.C.M. (CCH) 1294; T.C.M. (RIA) 82241; May 3, 1982. James E. Caldwell, pro se. Virginia C. Schmid, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 2,895.99 deficiency in petitioners' 1978 Federal income tax. After concessions, the sole issue for decision is whether petitioner James E. Caldwell is entitled to deduct $ 428.24 paid to the Chicago Bar Association. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. James E. Caldwell (hereinafter petitioner) and Dolores R. Caldwell, husband and wife, resided in Chicago, Illinois, when they filed their 1978 joint Federal income *512 tax return with the Internal Revenue Service Center, Kansas City, Missouri, and when they filed their petition in this case. Petitioner was admitted to the practice of law in the State of Illinois in 1959 and became a member of the Chicago Bar Association (hereinafter CBA) in 1961. From July 1, 1977 through June 30, 1978, petitioner was the treasurer of the CBA. During 1978, petitioner was also chairman of the CBA's Finance Committee and a member of the CBA's Executive Committee of Investment and the Employees' Pension Committee. In addition to his other duties, he was responsible for the investment of various special funds of the CBA. On his 1978 return, petitioner claimed a deduction of $ 428.24 for payments he made to the CBA during 1978 for something other than dues. In the notice of deficiency, respondent disallowed the claimed deduction. OPINION Petitioner contends that he paid $ 428.24 to the CBA during 1978 for meals he consumed during luncheon meetings on CBA premises at which CBA business was discussed. According to petitioner, his duties as treasurer and in the other capacities he served the CBA during 1978 required him to attend luncheon meetings at least *513 four times a week to discuss CBA business and the money he spent on the meals consumed at those luncheons are deductible as were the dues he paid to the CBA. [1] Respondent, on the other hand, maintains that petitioner has failed to establish that the amount in issue was paid to the CBA for meals. In addition, respondent argues that even if the amount in issue was expended for meals, such an expenditure is a nondeductible personal expense under section 262. [2] We agree with and hold for respondent. Petitioner has the burden of proving that he is entitled to the claimed deduction. Rule 142(a), Tax Court Rules of Practice and Procedure. Although petitioner has substantiated payments of $ 428.24 to the CBA, he failed to prove that such payments were made for meals. Moreover, even if he had established that such payments were made for meals consumed at the luncheon meetings, meal expenditures are generally considered to be personal expenses. Although *514 section 162 provides an exception to this rule when a taxpayer is away from home in pursuit of his trade or business, such is clearly not the case herein. Since petitioner did not offer any evidence indicating that the amount he allegedly expended on meals at the luncheons exceeded that which he would have spent on personal meals in any event, such expenditures would be considered personal and non-deductible pursuant to section 262. See Duggan v. Commissioner,77 T.C. 911, 914 (1981); Sutter v. Commissioner,21 T.C. 170, 174 (1953). Accordingly, we must sustain respondent's determination. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Respondent allowed petitioner a deduction for the amounts that petitioner substantiated he paid to the CBA for dues. See sec. 1.162-6, Income Tax Regs.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended.↩