JONATHAN T. RAINES AND JULIANE RAINES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raines v. Commissioner
Docket No. 18386-80.
United States Tax Court
T.C. Memo 1983-662; 1983 Tax Ct. Memo LEXIS 129; 47 T.C.M. (CCH) 219; T.C.M. (RIA) 83662; October 31, 1983. Jonathan T. Raines, pro se. Margaret K. Herbert, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency of $1,342 in the income tax due from the petitioners for 1978. Due to concessions, the issue remaining for decision is whether or not petitioners may deduct certain educational expenses, including the cost of going to and from school, incurred by Mr. Raines as well as the cost of meals which he purchased at his place of employment. FINDINGS OF FACT Some of the facts have *130 been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioners, Jonathan T. Raines and Juliane Raines, husband and wife, resided in Ontario, California, during 1978 and at the time their petition was filed.They timely filed a joint income tax return for 1978 with the Internal Revenue Service Center, Los Angeles, California. Since Mrs. Raines is a party solely because she filed a joint return with her husband, hereinafter "petitioner" will refer to Mr. Raines. From May 1970 until April 1979 petitioner was employed as a respiratory therapist by the Kiernan Pulmonary Laboratory. Petitioner received training through "on-the-job" experience rather than formal course study. He became a certified respiratory therapist in 1976 by passing a written examination. A formal course study was not required as a condition precedent to taking the examination. During 1977 and 1978 the California state legislature was considering licensure of respiratory therapists. At that time the proposed license requirement for persons already in the field with three years experience was a bachelor's degree. In *131 1978, based on the possibility that he would be required to obtain a bachelor's degree to retain his position, petitioner took college courses, majoring in history, at the University of California, Irvine. In 1979 he discontinued the program without earning a degree. On September 24, 1983, the California legislature passed a bill regarding the licensure of respiratory therapists which did not require those already in the field to obtain a college degree. During 1978 petitioner was required by Kiernan Pulmonary Laboratory to eat meals at his place of employment. Although petitioner purchased his meals at the cafeteria on the employment premises, he was not required to do so. He paid only for the food he ate rather than a fixed amount. He was allowed to bring his meals from home if he chose to do so. On his 1978 return, petitioner deducted the expenses incurred by him during the year while attending the university, including the cost of commuting from Ontario to Irvine. He also deducted the cost of meals purchased at his place of employment. The respondent disallowed the deductions. OPINION Educational Expenses
The determination of whether petitioner may deduct *132 educational expenses depends upon the application of section 162 [1] and the regulations promulgated thereunder.In general section 162(a) provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." Section 1.162-5(a), Income Tax Regs., provides: Expenditures made by an individual for education… are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education--(1) [m]aintains or improves skills required by the individual in his employment or other trade or business, or (2) [m]eets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. Petitioner's situation does not fall within those described by the above regulation which we have previously cited with approval. Weiszmann v. Commissioner,52 T.C. 1106 (1969), *133 affd. 443 F.2d 29 (9th Cir. 1971). The courses he took did not maintain or improve his skills as a physical therapist (sec. 1.162-5(a)(1), Income Tax Regs.); nor were the classes required by his employer or by the applicable law at the time he took the course or any other time (sec. 1.162-5(a)(2), Income Tax Regs). Petitioner argues that the possibility that a degree would be required of him to retain his position satisfies the section 1.162-5(a)(2), Income Tax Regs., requirement. The language of the regulation, however, clearly refers to current, enforceable law. We conclude, therefore, that although petitioner's initiative is admirable, the may not deduct the educational expenses he incurred. It follows that we must also disallow his expenses of commuting to school since the underlying educational expenses are not deductible. [2]
Cost of Meals
Petitioner deducted the cost of meals he purchased from his employer's cafeteria during working hours. Respondent maintains that petitioner has not met the requirements *134 of section 119, which excludes from gross income the value of certain meals furnished an employee. Under section 119, the value of meals furnished to an employee at his expense by his employer is excluded from the employee's income if the meals are furnished on the business premises of the employer and for the convenience of the employer. Sec. 1.119-1(a)(1), Income Tax Regs. Section 119 authorizes an exclusion from income, not the deduction which petitioner claims. See Tougher v. Commissioner,51 T.C. 737, 743-744 (1969), affd. per curiam 441 F.2d 1148 (9th Cir. 1971), cert. denied 404 U.S. 856 (1971). [3]
It is true that if a fixed amount is charged whether or not an employee accepts meals, the value of the meals furnished at the charge is excludible under section 119. The exclusion is not available, however, if the employee has a choice of paying for the meals or providing for meals in some other manner. Secs. 1.119-1(a)(3) and 1.119-1(d), examples (4) and (8), Income Tax Regs.; Weinberg v. Commissioner,64 T.C. 771, 779 (1975). In the instant *135 case petitioner paid only for the meals he actually ate in the cafeteria. He was not charged a fixed amount. In addition, he was not required to purchase meals from his employer; he was allowed to bring his meals with him. Accordingly, we conclude that the cost of his meals is not excludible under section 119. Cf. Duggan v. Commissioner,77 T.C. 911 (1981). See also Sutter v. Commissioner,21 T.C. 170, 173-174 (1953). Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the year in issue.↩
2. See Carmen v. Commissioner,T.C. Memo. 1977-283, affd. without published opinion 588 F.2d 834↩ (7th Cir. 1978).
3. See Edgar v. Commissioner,T.C. Memo. 1979-524↩.