MICHAEL AND ALICE P. PHILLIPS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 7627-85.
United States Tax Court
T.C. Memo 1986-503; 1986 Tax Ct. Memo LEXIS 104; 52 T.C.M. (CCH) 747; T.C.M. (RIA) 86503; October 6, 1986; As Amended November 3, 1986 *104 M, a firefighter, was required under a Union contract to eat his meals at the station house while on duty and to contribute to a Station Fund for the cost of the meals. Held, amounts contributed to the Station Fund are not deductible business expenses under section 162(a), I.R.C. 1954, or excludable as meals furnished for the convenience of M's employer under section 119, I.R.C. 1954. Sibla v. Commissioner,611 F.2d 1260 (9th Cir. 1980), affg. Sibla v. Commissioner,68 T.C. 422 (1977), and Cooper v. Commissioner,67 T.C. 870 (1977), distinguished. Held further, since the decision of the Ninth Circuit Court of Appeals in Sibla v. Commissioner is not squarely in point, the rule in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), is not applicable. Michael and Alice P. Phillips, pro se. Shirley M. Francis, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $232. The issues for decision are (1) whether petitioners are entitled to a $420 deduction under section 162(a)[1] for expenses incurred for meals taken by petitioner *106 Michael Phillips (Michael) while on duty as a firefighter, and if so whether such expenses have been properly substantiated; and (2) whether petitioners may deduct $876 for hand tools used by Michael in his employment as a mechanic. We combine our findings of fact and opinion to facilitate the disposition of the issues in this case. Some of the facts have been stipulated. The stipulation and attached exhibits are incorporated herein by reference. Petitioners resided in Roseburg, Oregon, at the time they filed their petition in this case. Meal Expense Deduction Issue
Throughout 1981 Michael was employed by the City of Roseburg (Roseburg) as a firefighter. As such he was also a member of the Roseburg Firefighters Union Local 1489 (the Union). Article III, Section 5 (hereinafter referred to as "Section 5"), of the 1984-86 Agreement between Roseburg and the Union (the Union contract) provides: Section 5. Because shift workers of the Roseburg Fire Department, by the nature *107 of their duties, live together as a family in the various Fire Stations, the purchase of amenities by the shift workers is necessary. It has long been the practice that each shift worker contribute a specific amount as determined by majority vote at the beginning of each shift or the first half of each shift. The fund is managed and expended by the shift workers. In the interest of harmony and goodwill within the firehouse this practice shall continue and is a condition of employment unless the practice is abandoned through a majority vote of the membership. It is specifically agreed that any dispute or grievance that may arise pursuant to the operation and administration of this Station Fund is not subject to Article V (Grievance Procedure) or any other grievance and arbitration provisions of this Collective Bargaining Contract. The Roseburg firefighters have been unionized since 1969. The substance and effect of Section 5 was first put in the Union contract in 1981. Fire suppression personnel, which included Michael, worked a 24-hour shift, with 48 hours off between shifts. On Form 2106 attached to their 1981 return, petitioners claimed a $420 employee business expense *108 deduction based upon Michael's working 120 shifts and contributing $3.50 per shift to the Station Fund, referred to in Section 5, for meals. The facts in this case are practically indistinguishable from those in Duggan v. Commissioner,77 T.C. 911 (1981). In Duggan, firefighters also worked 24-hour shifts, were on duty at all times during the 24-hour shifts and were only allowed to leave the fire station on business or if they were ill.As here, the contribution to the meal fund was covered under a collective bargaining agreement. The taxpayer in Duggan worked 110 24-hour shifts and claimed a deduction of $5 per day as a section 162(a) employee business expense deduction. On the foregoing facts we held that the meal expenses constituted personal living expenses under section 262 rather than employee business expenses deductible under section 162(a). We pointed out that the firefighters' mess in Duggan was not organized by the taxpayer's employer but rather by the employees themselves for their own convenience. Such is the case here. The fact that Section 5 recites that "this practice" is a condition of employment does not make it so within the intendment *109 of section 119, hereinafter discussed, since Section 5 also vests in the employees the unilateral right by majority vote to abandon the practice. [2]
Michael in his testimony also invited our attention to the fact that the agreement provides that any dispute or grievance that may arise pursuant to the operation and administration of the Station Fund is not subject to the grievance or arbitration provisions of the Union contract. For reasons hereinafter discussed, we believe that this specific provision, as well as all of Section 5, was put in the Union contract at the Union's request to support an argument in cases such as this that contributions to the Station Fund were mandatory. Michael himself testified that the predecessor of Section 5 was put into the 1981 Union contract in response to information received by the local Union from its International Union about the holding of the Ninth Circuit Court of Appeals in Sibla v. Commissioner,611 F.2d 1260 (9th Cir. 1980), affg. Cooper v. Commissioner,67 T.C. 870 (1977), *110 and Sibla v. Commissioner,68 T.C. 422 (1977). [3]
Duggan has been followed by this Court in other cases on similar facts, [4] and we would have little difficulty in reaching the same result in this case were it not for Sibla, decided by the Ninth Circuit Court of Appeals, the court to which an appeal of this case would lie. However, we think the facts in this case are sufficiently distinguishable from those in Sibla so as to require a different result here. In Sibla, firefighters were required by their employer to eat in an organized mess in compliance with rules adopted pursuant to a mandated desegregation plan. The Board of Fire Commissioners adopted rules requiring all firemen *111 at each fire station to participate in a nonexclusionary organized mess at the station house. As already noted, in the case before us the requirement regarding participation in the Station Fund was the decision of the local Union and could be revoked at any time by a majority of its members. Except that it acquiesced in the Station Fund by signing the Union contract, the employer -- Roseburg -- had no voice in the matter.
As an alternative holding in Sibla, the Circuit Court essentially adopted the reasoning of six concurring Judges in this Court in the Cooper case (67 T.C. at 874) that the meals in question qualified for the exclusion provided in section 119 for meals or lodging furnished by the employer on its premises for the convenience of the employer. [5] Again, the case before us differs from the alternative holding in Sibla in that the meals in question were neither furnished by Roseburg nor were they for its convenience. In Sibla, *112 the employer sponsored, organized and provided the equipment and facilities for a meal program and required the employees to participate in the meal program as a part of an integration plan.While the record before us is sketchy as to the preparation of the meals, it is very apparent that the firefighters themselves, through their Union, sponsored and organized the Station Fund meals. Basically, the Station Fund meals were for the convenience of the firefighters and not Roseburg, although Roseburg may well have benefited indirectly in terms of improved employee morale. The section 119 exclusion is therefore not available to petitioners. *113 In their presentation petitioners made the point that Section 5 requires participation in the Station Fund as a condition of employment. We would respond to this argument simply by pointing out that the provision of section 119 relating to "condition of his employment" refers only to lodging provided by the employer, and not to meals. In fact, section 119(b)(2) specifically provides that "the fact that the employee may accept or decline such meals shall not be taken into account." We recognize that as a matter of practicality Michael may have had no choice but to participate in the Station Fund, given the exigencies imposed by his peer group as expressed in Section 5. Nevertheless, as we have consistently held in other case, there is no authorization in the Code for a deduction for payments into a common mess fund. The cost of an employee's meals is normally a personal expense to the employee and the cost of such meals is not deductible. Section 262.In the case before us, Michael would have incurred meal expenses whether or not employed as a fireman. See Sutter v. Commissioner,21 T.C. 170, 174 (1953); Murphey v. Commissioner,T.C. Memo. 1975-317. *114 While the question is not entirely free from doubt, we do not believe that a decision for petitioners on this issue is mandated under Sibla by reason of the rule in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). In Golsen,54 T.C. at 757, we held that "better judicial administration requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone." (Emphasis supplied.) An appeal from our decision here would lie to the Ninth Circuit, which decided Sibla, and to that court alone. The vital distinction between the Sibla case and the case before us is that the firefighters in Sibla were forced by their employer to participate in the group mess pursuant to a desegregation plan, whereas here the participation was required by the Union to augment the spirit of "[living] together as a family," as expressed in Section 5, and also, not coincidentally, to facilitate a hoped for tax deduction. Under these circumstances Sibla does not appear to be "squarely in point," a prerequisite to the *115 application of the Golsen rule. We therefore do not believe it appropriate or necessary to find for petitioners on this issue on the basis of Sibla.
For the foregoing reasons, we hold for respondent on this issue. Hand Tool Deduction Issue
During 1981, Michael worked 24-hour shifts as a firefighter, each shift being separated by a 48-hour layoff. Consequently, he went to work at Guthrie Subaru during the layoff periods as a line mechanic. Michael bought approximately $500 worth of hand tools in that year. In addition, he owned a number of hand tools acquired by him in prior years. Michael prepared a list of the prior years' tools on which he estimated the cost. This list formed the basis of a 1981 depreciation deduction claimed on the tools acquired in the prior years. Of $1,382 claimed as a deduction by petitioners in 1981, respondent disallowed $876 for lack of substantiation. Petitioners bear the burden of proof on this issue. Rule 142(a). Since petitioners produced no further substantiation at the trial of the case, respondent's determination on this issue is sustained. To reflect concessions, Decision will be entered for the respondent. *116 Footnotes
1. Except where otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect for 1981. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note on this point, however (and as subsequently discussed), that the condition of employment requirement of section 119↩ applies only to lodging and not to meals.
3. Included in petitioner's presentation was an article entitled "Tax breaks for firehouse meal payments," by Martin W. Bercovici, published at page 37 in the Winter, 1981, issue of the International Fire Chiefs Magazine. Michael testified that "[i]t [the article] came from the International Association of Firefighters, which is back east, and they sent one to each local, and that's when we started putting the articles into our contracts to cover meal payments."↩
4. See Morton v. Commissioner,T.C. Memo. 1986-132; and Alvarado v. Commissioner,T.C. Memo. 1985-118, affd. without published opinion 781 F.2d 901↩ (5th Cir. 1986).
5. The relevant provisions of section 119 are: SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. (a) MEALS AND LODGING FURNISHED TO EMPLOYEE, HIS SPOUSE, AND HIS DEPENDENTS, PURSUANT TO EMPLOYMENT. -- There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him, his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if -- (1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. (b) SPECIAL RULES. -- For purposes of subsection (a) -- (1) PROVISIONS OF EMPLOYMENT CONTRACT OR STATE STATUTE NOT TO BE DETERMINATIVE. -- In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation. (2) CERTAIN FACTORS NOT TAKEN INTO ACCOUNT WITH RESPECT TO MEALS. -- In determining whether meals are furnished for the convenience of the employer, the fact that a charge is made for such meals, and the fact that the employee may accept or decline such meals shall not be taken into account. (3) CERTAIN FIXED CHARGES FOR MEALS. -- (A) IN GENERAL. -- If -- (i) an employee is required to pay on a periodic basis a fixed charge for his meals, and (ii) such meals are furnished by the employer for the convenience of the employer, there shall be excluded from the employee's gross income an amount equal to such fixed charge. (B) APPLICATION OF SUBPARAGRAPH (A). -- Subparagraph (A) shall apply -- (i) whether the employee pays the fixed charge out of his stated compensation or out of his own funds, and (ii) only if the employee is required to make the payment whether he accepts or declines the meals.↩