RICHARD L. MATTA and ALDOR L. MATTA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Matta v. Commissioner
Docket No. 29611-87
United States Tax Court
T.C. Memo 1990-356; 1990 Tax Ct. Memo LEXIS 373; 60 T.C.M. (CCH) 121; T.C.M. (RIA) 90356; July 16, 1990, Filed *373 Decision will be entered under Rule 155. James Edward Perron, Jr., for the petitioners. P. Joseph Ineich, for the respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioners' Federal income taxes and additions *374 to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
1983
$ 225.94
$ 11.30
50 percent of
the interest
due on $ 225.94
1984
140.00
7.00
50 percent of
the interest
due on $ 140.00
The issues for decision are: (1) Whether petitioners are entitled to deduct as an ordinary and necessary business expense under section 162(a), payments made by petitioner Richard L. Matta into a firefighter's common meal fund and, if so, the amount of the deductions; or in the alternative, (2) whether payments by petitioner Richard L. Matta into a firefighter's common meal fund qualify as meals furnished to him for the convenience of his employer under section 119(a); and (3) whether petitioners *375 are liable for the additions to tax under sections 6653(a)(1) and (2), for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Richard L. Matta and Aldor L. Matta are husband and wife who resided in New Orleans, Louisiana at the time they filed their petition. Petitioners timely filed a joint Federal income tax return for taxable year 1983. For taxable year 1984, petitioners filed on July 29, 1985, an amended Federal income tax return (Form 1040X). All singular references to petitioner shall hereinafter refer only to Richard L. Matta. During 1983 and 1984 petitioner worked as a firefighter for the New Orleans Fire Department. Firefighters were normally required to be on duty for 24-hour shifts, which began at 7:00 a.m. and ended at 7:00 a.m. the following day. While on duty, firefighters were not permitted to eat their meals away from the engine house. The fire department did not provide meals or groceries to its firefighters. Cooking facilities, however, were provided at each engine house. *376 At each engine house firefighters planned their own daily menu, and one individual was permitted to leave the engine house to purchase the daily food supplies. The tasks of preparing, serving, and cleaning-up after each meal were shared by the firefighters at each engine house. For purposes of assuring continuity of operations and proper attendance, the fire department required that all of its firefighters contribute to a common meal fund. This has been a long-standing requirement of the fire department, and was in effect during 1983 and 1984. This requirement, however, was not specifically put into writing until March 31, 1984, when policy 84-1A was enacted per a directive of the Superintendent of Fire. This policy was formally written as a result of a firefighter who requested and was denied permission to eat meals away from the engine house. Since the date of policy 84-1A and through the present, no complaint citing a violation of policy 84-1A has ever been filed by the fire department. The written policy provides that if a firefighter cannot participate in the common meal fund because of religious beliefs or medical reasons, he or she can obtain permission not to participate *377 from the Superintendent of Fire. During the years in issue, officers and members of the fire department were required to pay an equal share of the cost of the daily meals served at the engine house. Payments into the common meal fund were determined on a daily basis at each engine house. Required payments varied based upon what groceries were purchased and the number of firefighters that participated. Firefighters were required to pay into the common meal fund regardless if they ate the meals prepared on that particular day. During 1983 petitioner was on duty for 100 days, broken down as follows: January
6
July
10
February
7
August
8
March
9
September
9
April
8
October
10
May
9
November
7
June
7
December
10
During During 1984 petitioner was on duty for 80 days, broken down as follows: January
6
July
4
February
7
August
7
March
7
September
7
April
7
October
7
May
7
November
7
June
7
December
7
On Forms 2106 attached to petitioners' 1983 tax return and 1984 amended tax return, petitioners claimed as deductions employee business expenses in the amounts of $ 800 and $ 640 respectively. These *378 amounts were estimated by Mr. Matta based upon an average contribution to the common meal fund of $ 8.00 for each day he was on duty during 1983 and 1984. During the years in issue, petitioner failed to maintain any records of his actual contributions to the common meal fund. Petitioners' return preparer advised petitioner to deduct his estimated contributions to the common meal fund. OPINION For taxable years 1983 and 1984, respondent disallowed petitioners' deductions for Mr. Matta's payments into the firefighter's common meal fund. Respondent's determination is presumed correct and petitioners bear the burden of proving otherwise. Rule 142(a) Petitioner is in the trade or business of being an employee. Cooper v. Commissioner, 67 T.C. 870, 872 (1977), affd. sub nom. Sibla v. Commissioner, 611 F.2d 1260 (9th Cir. 1980); Primuth v. Commissioner, 54 T.C. 374 (1970). We have previously held that where a fire department requires its firefighter-employees to make payments into a common meal fund as a condition of employment, such expenses are ordinary and necessary within the meaning of section 162(a). Sibla v. Commissioner, 68 T.C. 422 (1977), *379 affd. 611 F.2d 1260 (9th Cir. 1980); Cooper v. Commissioner, supra.See Belt v. Commissioner, T.C. Memo. 1984-167. However, if a firefighter's payments into a common meal fund are not a condition of employment, then such expenses constitute personal expenses and are not deductible pursuant to section 262. Duggan v. Commissioner, 77 T.C. 911, 914-915 (1981). See Phillips v. Commissioner, T.C. Memo. 1986-503; Morton v. Commissioner, T.C. Memo. 1986-132; Alvarado v. Commissioner , T.C. Memo. 1985-118; Slovan v. Commissioner, T.C. Memo. 1985-41; Banks v. Commissioner, T.C. Memo. 1981-490. Whether an expense constitutes a personal expense or a business expense depends primarily upon the facts and circumstances of each particular case. Cooper v. Commissioner, supra at 873. In the instant case, petitioner is a firefighter who worked 100 24-hour shifts during 1983, and 80 24-hour shifts during 1984 . While on duty, he was required to financially participate in a common meal fund as a condition of his employment. *380 This requirement was not established for petitioner's personal convenience or personal benefit; rather, it was established to ensure continuity of operations, and proper attendance of the firefighters. As a result, petitioner's payments into the common meal fund qualify as ordinary and necessary business expenses and are deductible under section 162(a). Cooper v. Commissioner, supra; Sibla v. Commissioner, supra.[2]
The deductions taken on the tax returns in issue were based upon petitioner's estimate that he paid an average of $ 8.00 for each day he was on duty. Respondent argues that since petitioner failed to maintain any records, his claimed deductions for both years should be disallowed in full. However, we may estimate the amount that a taxpayer is entitled to deduct for business *381 expenses if he has convinced us that such expenses were incurred as an ordinary and necessary expense in the conduct of his trade or business, and has provided a means to make a reasonable estimate of the expense. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner was required to and did make payments into a common meal fund as a condition of his employment, and was on duty for a total of 180 days during 1983 and 1984. At trial, petitioner estimated that his daily payments averaged $ 6.00 per day. Considering the fact that petitioner's inexactitude is of his own making and, therefore, bearing heavily against him, see Cohan v. Commissioner, supra, we find that petitioner paid $ 4.00 into the common meal fund for each day that he was on duty during 1983 and 1984. Accordingly, petitioner is entitled to a deduction in the amount of $ 400 for taxable year 1983, and $ 320 for taxable year 1984. The final issue for decision is whether petitioners are liable for the additions to tax for negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2). Negligence has been defined as the failure to do what *382 a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner's return preparer advised petitioner to take a deduction for his payments into the common meal fund based upon his estimate of the amount of those payments. We hold for petitioner on this issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because of our holding that petitioners may deduct the contributions to the common meal fund under section 162(a), we need not consider petitioners' alternate argument under section 119(a).↩