T.C. Summary Opinion 2009-110

UNITED STATES TAX COURT

JOHNNY D. AND CANDY L. FORIEST, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13485-06S.              Filed July 14, 2009.

Johnny D. Foriest and Candy L. Foriest, pro sese.

<u>Beth A. Nunnink</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

--------

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated April 12, 2006, respondent determined deficiencies in petitioners' income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|------------|
| 2003 | $11,821 | $2,364.20 |
| 2004 | 12,889 | 2,577.80 |

The issues for decision are: (1) Whether petitioners are entitled to deductions for unreimbursed employee business expenses for 2003 and 2004; (2) whether petitioners properly reported deductions related to a lawn care business for 2003 and 2004; (3) whether petitioners are entitled to a loss from a farming activity for 2004; (4) whether petitioners are entitled to deductions for charitable contributions for 2003 and 2004; (5) whether petitioners understated income earned in the lawn care business for 2003; and (6) whether petitioners are liable for section 6662(a) accuracy-related penalties for 2003 and 2004.

## Background

Some of the facts have been stipulated and are so found. Petitioners are, and were at all times relevant, married to each other. At the time the petition was filed, they resided in Tennessee.

Petitioners are members of the Slayden Baptist Church. Contributions they made to that church during each year in issue were routinely made by check.

Petitioners' Employment and Farming Activity

At all times relevant, Johnny D. Foriest (petitioner) was employed as a firefighter by the City of Dickson, Tennessee. During each year in issue he contributed to a common meal fund for meals consumed at the firehouse. He also incurred expenses for maintaining and cleaning his firefighter uniforms.

Petitioner was also the sole proprietor of a lawn care business that he operated during 2003 (as well as for years before 2003) under the name Spoon's Lawn Care (Spoon's). Petitioner maintained a business checking account for Spoon's (the business account). During 2003 deposits totaling $14,589 were made to the business account. Income and expenses attributable to Spoon's are shown on a Schedule C, Profit or Loss From Business, included with petitioners' Federal income tax return for each year in issue. Petitioner sold Spoon's at the end of 2003.

At all times relevant, petitioners lived on what petitioner describes as a "family farm". The property is owned by Candy L. Foriest's parents, who apparently conducted some farming activity on the property during years preceding the years in issue. In

November 2004 petitioner purchased two heifers for a total cost of $1,580.

It cannot be determined whether, or if so how, Candy Foriest was employed during the years in issue. The wage income ($260,145) reported on petitioners' 2004 Federal income tax return strongly suggests that she was employed during that year, but the record is completely silent on the point.

Petitioners' Federal Income Tax Returns

Petitioners filed a timely joint Federal income tax return for each year in issue. Both returns were prepared by a professional income tax return preparer.

1. 2003

As relevant here, petitioners' 2003 return includes a Schedule A, Itemized Deductions, a Form 2106, Employee Business Expenses, relating to petitioner's employment as a firefighter, and a Schedule C on which income and expenses attributable to Spoon's are reported.

Among other things, on the Schedule A petitioners claimed a $4,024 deduction for unreimbursed employee business expenses.[2] Of this amount, $2,040 is identified as meals expenses (after the application of section 274(n)), $260 is identified merely as "business expenses", $210 is identified as union dues, and $1,514 is identified as "uniforms for work".

---

[2]This is the amount before the application of sec. 67(a).

On the Schedule C petitioners claimed a $2,760 deduction for vehicle expenses, a $30,366 deduction for depreciation and section 179 expense, a $250 deduction for legal and professional services, a $501 deduction for supplies, and a $990 deduction for other expenses.[3]

2. 2004

As relevant here, petitioners' 2004 return includes a Schedule A, a Form 2106 relating to petitioner's employment as a firefighter, a Schedule C on which expenses attributable to petitioner's lawn care business are reported, and a Schedule F, Profit or Loss From Farming, on which the income and expenditures attributable to petitioner's 2004 farming activity are reported.

Among other things, on the Schedule A petitioners claimed a $4,390 deduction for unreimbursed employee business expenses.[4] Of this amount, $2,040 is identified as meals expenses (after the application of section 274(n)), $260 is identified merely as "business expenses", $510 is identified as union dues, and $1,580 is identified as "uniforms for work".

On the 2004 Schedule C petitioners claimed a $7,686 deduction for depreciation and section 179 expense as well as a $245 deduction for repairs and maintenance. Petitioners,

---

[3]Petitioners now concede that the depreciation and sec. 179 expense deduction reported on the 2003 Schedule C is overstated.

[4]This amount is before the application of sec. 67(a).

however, did not report any income from gross receipts or sales on their Schedule C. The $7,931 net loss shown on the Schedule C is taken into account in the computation of the adjusted gross income reported on petitioners' 2004 return.

On the Schedule F petitioners claimed a net loss of $24,116, of which $19,785 is attributable to a depreciation and section 179 expense deduction, $492 is attributable to a deduction for repairs and maintenance, and $1,131 is attributable to a deduction for other expenses. Although there is no income reported on the Schedule F, $2,708 is shown as cost of goods sold.

The Notice of Deficiency

Some of the adjustments made in the notice of deficiency have been agreed to between the parties or conceded, and other adjustments are computational. Those adjustments will not be discussed.

For 2003 respondent disallowed: (1) All unreimbursed employee expenses, with the exception of union dues, claimed on the Schedule A; (2) the entire charitable contribution deduction; and (3) all of the Schedule C deductions listed above.

For 2004 respondent disallowed: (1) All unreimbursed employee expenses, with the exception of $210 for union dues; (2) the entire charitable contribution deduction; (3) all of the

Schedule C deductions listed above; and (4) all of the Schedule F deductions listed above.

For each year respondent also imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and "substantial understatement of income tax".

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[5]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001;

---

[5]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

Hradesky v. Commissioner, supra; sec. 1.6001-1(a), Income Tax Regs.

Except for the deductions for charitable contributions, the types of deductions here in dispute are allowable, if at all, under section 162(a). That section generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952). The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose. See Deputy v. du Pont, 308 U.S. 488, 495 (1940). Ordinarily, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business. See Commissioner v. Tellier, 383 U.S. 687 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), affd. 777 F.2d 662 (11th Cir. 1985). On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

Set against these fundamental principles, we turn our attention first to the deductions here in dispute.

A. Disputed Deductions

1. Unreimbursed Employee Business Expense Deduction

The unreimbursed employee business expense deduction petitioners claimed for each year in issue relates to petitioner's employment as a firefighter and consists of four components: (1) Unreimbursed incidental expenditures of $260 for 2003 and $260 for 2004; (2) union dues of $210 for 2003 and $510 for 2004; (3) expenses for meals petitioner consumed at the firehouse; and (4) expenses for uniform maintenance. We consider each in the order just listed.

a. Unreimbursed Incidental Expenditures

The unreimbursed business expense deduction claimed for each year includes amounts attributable to incidental expenditures such as batteries for flashlights and other work supplies. For each year, the deduction was disallowed for lack of substantiation, and at trial petitioners failed to present any documentary evidence to substantiate the $260 deduction claimed for both 2003 and 2004. We accept petitioner's testimony that some amounts were expended for certain items; but in the absence of any documents supporting the amounts so expended, we find that petitioners are allowed a $50 deduction for incidental

expenditures for each year.  See <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930).

### b. Union Dues

Petitioners claim unreimbursed employee business expense deductions for union dues of $210 and $510 in 2003 and 2004, respectively.  Respondent concedes that petitioners are entitled to a $210 deduction for union dues for each year in issue.  That leaves $300 in dispute for 2004.

Petitioners have failed to present any evidence that they actually paid more than $260 for union dues in 2004.  It would seem that written substantiation for such an expense is readily available.  In the absence of written substantiation, petitioners are not entitled to a deduction for union dues for 2004 in excess of the amount respondent conceded.

### c. Meals Expenses

Petitioner contributed to a fund that was used to purchase food for meals that he consumed while on duty at the firehouse. Generally, the cost of a taxpayer's meals are nondeductible personal expenses, unless the expense of the meal is incurred while the taxpayer is traveling away from home for business purposes.  See secs. 162(a)(2), 262(a).  If, however, a fire department requires its firefighter-employees as a condition of employment to make contributions into a common meal fund, then those contributions qualify as deductible ordinary and necessary

business expenses.  See, e.g., <u>Sibla v. Commissioner</u>, 68 T.C. 422, 432 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); <u>Belt v. Commissioner</u>, T.C. Memo. 1984-167.  On the other hand, if a firefighter's contributions into a common meal fund are not required as a condition of employment but are made voluntarily, then such contributions are considered a personal expense that is not deductible.  See, e.g., <u>Duggan v. Commissioner</u>, 77 T.C. 911, 914-915 (1981).

It is obvious that the meal expenses petitioners deducted were not incurred while petitioner was traveling away from home on business, and the expenses cannot be deducted on that ground. Furthermore, nothing in the record would support a finding that the contributions petitioner made to the common meal fund were made other than voluntarily.  Petitioners are not entitled to a deduction for amounts attributable to meal expenses included in the unreimbursed employee business expense deduction claimed for each year.[6]

### d. Expenses for Uniform Maintenance

The unreimbursed employee business expense deduction claimed on petitioners' returns includes $1,514 and $1,580 for 2003 and 2004, respectively, for uniform maintenance.  Uniform maintenance includes the cost of dry cleaning, polish for petitioner's shoes

---

[6]Even if otherwise allowable, we note that the amount deducted for meals expenses each year greatly exceeded the amount actually expended.

and brass/silver, and the occasional item that is not covered by the yearly uniform allowance.

Expenses for uniforms are deductible if the uniforms are of a type specifically required as a condition of employment, the uniforms are not adaptable to general use as ordinary clothing, and the uniforms are not worn as ordinary clothing. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Wasik v. Commissioner, T.C. Memo. 2007-148; Beckey v. Commissioner, T.C. Memo. 1994-514. Petitioner was required to wear a uniform provided by the City of Dickson as a condition of his employment as a firefighter.

Petitioners did not offer any evidence to substantiate the deductions claimed for uniform maintenance. In the absence of any substantiating evidence, we find that petitioners are entitled to a deduction of $500 for each year in issue. See Cohan v. Commissioner, supra.

2. Lawn Care Schedule C Deductions

For 2003 the Schedule C expense deductions in dispute are: (1) $2,760 for car and truck expenses, (2) $250 for legal expenses, (3) $501 for supplies expenses, (4) $990 for other expenses; and (5) some portion of the $30,366 depreciation and section 179 expense deduction. As noted, petitioners now concede that the depreciation and section 179 expense deduction was overstated by $11,694 (an amount attributable to a Dodge truck).

Petitioners submitted bank records, credit card company records, receipts, and other written documents to substantiate their deductions. The organization of the documents as relating to the deductions in dispute leaves much to be desired. Nevertheless, after a careful review of the documents we find that petitioners are entitled to the 2003 Schedule C deductions as claimed, with the exception of the portion of the depreciation and section 179 expense deduction attributable to the Dodge truck.

Petitioner testified that Spoon's was sold sometime near the end of 2003.[7] The sale of the business in 2003 perhaps explains why the 2004 Schedule C shows no income. What remains unexplained is why deductions attributed to that business are claimed for 2004. Petitioners' failure to justify or otherwise explain business expense deductions claimed for 2004, the year following the year that the business apparently was sold, requires that respondent's disallowance of those deductions be sustained.

3. Farming Activity Schedule F Deductions

According to petitioners, the expense deductions claimed and resultant loss shown on the 2004 Schedule F are allowable because the expenses were paid or incurred in connection with a "trade or

_____

[7]He was less than certain on the point, but petitioners provided nothing else to otherwise establish the date the business was sold.

business".  According to respondent, petitioners' farming activity did not qualify as a trade or business during 2004 and expenditures incurred in connection with that activity are deductible only as provided by section 183.

To be engaged in a trade or business within the meaning of section 162(a) and section 165(c)(1), a taxpayer must conduct the activity with continuity, regularity, and for the primary purpose of deriving a profit.  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).  Whether a taxpayer is carrying on a trade or business requires an examination of all of the facts in each case.  Id. at 36.

Petitioners' evidence on the point consists of the following:  (1) They lived on property, owned by the parents of one of them, which was at one time used as an operating farm; (2) two heifers were purchased and apparently kept on the property during 2004; and (3) petitioner observed that nobody "farms as a hobby".  To the extent that petitioner's observation suggests that farming is an arduous activity, we agree.  Keeping petitioner's observation in mind, as we view the matter, living on a family farm and the purchase of two cows, without more, does not a farmer make.  Petitioners have failed to demonstrate that the farming activity was conducted with "continuity and regularity" and "for the purpose of making a livelihood" as necessary to be considered a trade or business within the meaning

of section 162.  Id. at 28, 35.  Respondent's disallowances of deductions claimed in connection with that activity are sustained.  Petitioners are not entitled to a deduction for expenses or the loss shown on the 2004 Schedule F.

4. Charitable Contribution Deductions

According to petitioners, the charitable contribution deductions of $1,200 and $6,896 claimed on their 2003 and 2004 returns, respectively, consist of contributions by check to Slayden Baptist Church.

In general, a taxpayer is allowed to deduct any contributions or gifts made to qualifying organizations for their use.  See sec. 170(a).  Section 1.170A-13(a)(1), Income Tax Regs., requires that a charitable contribution deduction, whether made by cash or otherwise, be substantiated by at least one of the following:  (1) A canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution;[8] or (3) in the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of contribution, and the amount of the contribution.  The reliability of the records is

---

[8]A letter or other communication from the donee charitable organization acknowledging receipt of a contribution and showing the date and amount of the contribution constitutes a receipt.

determined on the basis of all the relevant facts and circumstances. See sec. 1.170A-13(a)(2), Income Tax Regs.

Although petitioners claim to have made the contributions by check, they presented no canceled checks or other acceptable substantiating documents showing any contributions. That being so, they are not entitled to the charitable contribution deductions claimed on their 2003 and 2004 returns, and respondent's disallowance of those deductions is sustained.

B. Omitted Income

The 2003 deficiency results in part from the disallowed deductions discussed above. It also results in part from respondent's adjustment increasing the income reported on Spoon's Schedule C, and we turn our attention to that adjustment.

During 2003, deposits totaling $14,589 were made to the business account, but the Schedule C shows income of only $6,014. Respondent increased petitioners' income by the difference; that is, $8,575.

Taxpayers must keep adequate books and records from which their correct tax liability can be determined. Sec. 6001. Petitioners' business records, which consist in part of the monthly statements for the business account, show deposits in excess of the amount reported as income. According to petitioner, the business account was used exclusively for business purposes and the income generated by the business was

deposited into that account.  Petitioners' business records support respondent's adjustment, and petitioners have failed to explain the difference between the income established by the business records and the income reported on the Schedule C. Respondent's adjustment, therefore, is sustained.

## C. The Accuracy-Related Penalties

Lastly, we consider whether petitioners are liable for section 6662(a) accuracy-related penalties.  For each year in issue, respondent has determined that they are.

Various grounds for the imposition of that penalty are set forth in the notice of deficiency.  Nevertheless, if it is shown that petitioners acted in good faith and there is reasonable cause for the deficiency for each year, then the section 6662(a) accuracy-related penalty is not applicable to either.  See sec. 6664(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

For each year in issue, petitioners relied upon a paid income tax return preparer to prepare their Federal income tax return and to compute the tax liability shown on the return.  We are satisfied that petitioners had reasonable cause and acted in good faith with respect to the underpayment of tax that will remain for each year.  See sec. 6664(c).  They are not liable for the section 6662(a) accuracy-related penalty for either year in issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.