T.C. Summary Opinion 2004-63

UNITED STATES TAX COURT

SHAWN M. AND DEBRA E. SWAGLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17724-02S.          Filed May 14, 2004.

Shawn M. and Debra E. Swagler, pro sese.

<u>Sean R. Gannon</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1998 a deficiency in petitioners' Federal income tax of $2,279.

The issues for decision are: (1) Whether petitioners are entitled to deductions on Schedule A, Itemized Deductions, in excess of those allowed by respondent; and (2) whether petitioners are entitled to deductions on Schedule E, Supplemental Income and Loss, in excess of those allowed by respondent.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Chicago, Illinois.

## Background

During 1998, Mr. Swagler was employed as a fireman by the Village of Oak Brook. Mr. Swagler was also employed elsewhere as a carpenter and performed services for several organizations that provided carpentry services for various exhibit halls. Mrs. Swagler was employed as an office manager with Anthony Valentino Salon for Hair, Inc.

During 1998, petitioners also owned two rental properties in Chicago, Illinois, one located at 5740 N. McVicker Avenue, and the other located at 5466 Gettysburg.

### Petitioners' Individual Income Tax Return for 1998

On April 15, 1999, petitioners jointly filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax

Return for tax year 1998.[1]  Attached to the return were various schedules including Schedule A and Schedule E.

The Form 1040 was prepared by Joseph House.  In his preparation of the return, Mr. House used books and records, schedules, and worksheets petitioners had prepared and some information they conveyed to him orally.  Petitioners gave Mr. House actual receipts only for substantial expenditures, such as the purchase and installation of a furnace.  They did not give him receipts for charitable gifts.

Respondent issued a statutory notice of deficiency to petitioners in which he disallowed certain deductions claimed on the Schedules A and E for lack of substantiation.

1.   Schedule A Itemized Deductions

    a.   Unreimbursed Employee Expenses

On their Schedule A, petitioners reported unreimbursed employee expenses in the amount of $6,232.  Petitioners claimed $4,238 of this amount was incurred by Mr. Swagler during his employment as a fireman with the Village of Oak Brook, and itemized on Form 2106, Employee Business Expenses, were the following:

---

[1]The names shown on the 1998 Form 1040 are Shawn M. Swagler and Debra E. Fitzsimmons.  The names of the petitioners as shown on the petition filed Nov. 12, 2002, are "Shawn M. and Debra E. Swagler", and the Court refers to petitioners in this manner.

| | |
|---|---:|
| Parking and toll fee expenses | $380 |
| Vehicle expenses | 2,034 |
| Other business expenses | 1,256 |
| Travel and lodging expenses | 568 |

Mr. Swagler could have received reimbursement for a portion of his vehicle expenses but instead chose to deduct them on his return.

The other business expenses in the amount of $1,256 consisted of money Mr. Swagler paid into a common meal fund at the fire station where he worked. As a firefighter, Mr. Swagler worked in 24-hour shifts during which he was not permitted to leave the fire station for meals. Firefighters voluntarily contributed money to the optional common meal fund to pay for food for their meals. Mr. Swagler also incurred $568 in travel and lodging expenses while attending seminars and instructional training related to fire and rescue services at various locations throughout Illinois.

Petitioners claim that $1,591 of the $6,232 in unreimbursed employee expenses was incurred by Mrs. Swagler during her employment with Anthony Valentino Salon for Hair, Inc. They itemized the expenses on Form 2106 as follows: $1,083 of vehicle expenses, $220[2] for meals and entertainment expenses, and $288 for professional publications.

---

[2]The $220 reported as being incurred by Mrs. Swagler for meals and entertainment expenses is one-half of the total amount reported by petitioners as being expended by Mrs. Swagler for meals and entertainment expenses for taxable year 1998.

It appears that petitioners claimed the $288 expense for professional publications twice. It was claimed once on Mrs. Swagler's Form 2106, where it was included in the total. It was claimed again on a supplemental schedule as an expense added to the total expenses of both Mr. and Mrs. Swagler's Forms 2106.

Additionally, petitioners claimed that they spent $115 for a phone. They presented three checks payable to Cellular One to show they had incurred the expense. The checks, however, did not bear any indication of a business use for the phone.

Respondent allowed petitioners $975 of the total $2,034 for Mr. Swagler's vehicle expenses and all $380 in parking and toll fee expenses and disallowed the remaining $4,877 due to lack of substantiation.

b.  Miscellaneous Expenses

Petitioners reported miscellaneous expenses including tax preparation fees in the amount of $150 and other expenses in the amount of $2,004. The other expenses are as follows: $38 in fire service union dues, $470 in carpenter union dues, $422 for uniforms, $389 for uniform cleaning, $100 for use of a pager, $480 for use of a mobile phone, and $105 for required tools. Respondent allowed $150 for the tax preparation fees, $470 in carpenter union dues, and an additional $200 as a reasonable allowance for the remaining expenses. Respondent disallowed the remainder due to lack of substantiation.

c.   Gifts to Charity

Petitioners reported gifts to charity in the amount of $1,452.  Respondent disallowed the entire amount due to lack of substantiation.

2.   Schedule E Rental Expenses

Petitioners claimed Schedule E deductions, excluding depreciation, pertaining to their rental properties located at 5740 N. McVicker Avenue (McVicker), and the other located at 5466 Gettysburg (Gettysburg) in the amounts of $11,216, and $13,931, respectively.  The expenses consisted of auto and travel expenses, insurance, legal and professional fees, mortgage interest, water, taxes, and repairs.

In the notice of deficiency, respondent determined that petitioners failed to substantiate adequately any amount greater than $22,532, and disallowed $86 of the expenses pertaining to McVicker and $1,907 of the expenses pertaining to Gettysburg. Respondent, however, allowed an additional $622 expense deduction for mortgage interest paid on petitioners' rental property.

### Discussion

Under section 7491(a)(1),[3] the burden of proof may shift to the Commissioner.  Because petitioners failed to meet the

---

[3]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by sec. 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685.

requirements of section 7491(a)(2), the burden of proof does not shift to respondent in this case.

Respondent's determinations are presumed correct, and petitioners bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Section 212 provides a deduction for all ordinary and necessary expenses paid or incurred with respect to management, conservation, and maintenance of property held for production of income, including real property. Sec. 1.212-1(h), Income Tax Regs. Generally, a taxpayer must establish that deductions taken pursuant to sections 162 and 212 are ordinary and necessary expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), (e), Income Tax Regs.

With respect to certain business expenses specified in section 274(d), however, more stringent substantiation requirements apply. Section 274(d) disallows deductions for traveling expenses, gifts, and meals and entertainment, as well as for listed property, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of the expenses; (2) the time and place of the expense; (3) the business purpose of the expense; and, (4) the business relationship to the taxpayer of the persons involved in the expense. The term "listed property" is defined in section 280(F)(d) and includes passenger vehicles, cellular phones, and other similar telecommunications equipment, such as pagers. See sec. 280F(d)(4)(i),(v).

The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

1. Employee Business Expenses

   a. Vehicle Expenses

Petitioners claimed deductions for their vehicle expenses as unreimbursed employee business expenses. The prerequisites to deductibility of vehicle expenses incurred by an employee are, first, that the expenses be nonreimbursable outlays, and, second,

that the expenses be substantiated in accordance with the requirements of section 274. Secs. 162(a), 274(d).

Under section 274(d), substantiation by means of adequate records requires a taxpayer to maintain a diary, a log, or a similar record, and documentary evidence that, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). To be adequate, a record must generally be written. Each element of an expenditure or use that must be substantiated should be recorded at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Thus, under section 274(d) no deduction may be allowed for expenses incurred for use of a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. Bradley v. Commissioner, T.C. Memo. 1996-461; Golden v. Commissioner, T.C. Memo. 1993-602. In any event, under section 162(a), petitioners are not entitled to deduct expenses for which they have been or could have been reimbursed. Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986) (deduction not allowable to the extent that the employee is entitled to reimbursement from the employer), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982) (same); Kennelly v.

Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972) (same).

Mr. Swagler claimed a deduction for vehicle expenses but he failed to keep any mileage records and could have been reimbursed by his employer. Mrs. Swagler also claimed a deduction for vehicle expenses, but she did not provide any documentation to substantiate them and her testimony failed to address them.

Respondent allowed petitioners a deduction for vehicle expenses in the amount of $975. Because petitioners have failed to prove that the determination is erroneous, the Court sustains respondent on this issue.

b.    Travel and Lodging/Meals and Entertainment Expenses

The deduction of travel expenses away from home, including meals and lodging, under section 162(a)(2), is also conditioned on such expenses' being substantiated by adequate records or by other sufficient evidence corroborating the claimed expenses pursuant to section 274(d). Sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Although Mr. Swagler testified that he attended various fire and rescue training sessions throughout Illinois, he failed to provide any documentation with respect to his claimed travel and lodging expenses. Respondent's disallowance of petitioners' claimed travel and lodging expenses is sustained.

c.   Other Business Expenses

Respondent disallowed petitioners' deduction for Mr. Swagler's payments into the firefighter's common meal fund.  Mr. Swagler is in the trade or business of being an employee. Cooper v. Commissioner, 67 T.C. 870, 872 (1977), affd. sub nom. Sibla v. Commissioner, 611 F.2d 1260 (9th Cir. 1980); Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  Where a fire department requires its firefighter-employees to make payments into a common meal fund as a condition of employment, such expenses are ordinary and necessary within the meaning of section 162(a). Sibla v. Commissioner, 68 T.C. 422, 432 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); Cooper v. Commissioner, supra at 872; see also Belt v. Commissioner, T.C. Memo. 1984-167 (firefighters required by their employer to pay their share of a common mess even if they did not eat the meal could deduct the amount they paid).  If, however, a firefighter's payments into a common meal fund are not a condition of employment, then such expenses constitute personal expenses and are not deductible pursuant to section 262.  Duggan v. Commissioner, 77 T.C. 911, 914-915 (1981); see Matta v. Commissioner, T.C. Memo. 1990-356; Phillips v. Commissioner, T.C. Memo. 1986-503; Morton v. Commissioner, T.C. Memo. 1986-132; Alvarado v. Commissioner, T.C. Memo. 1985-118, affd. 781 F.2d 901 (5th Cir. 1986); Sloyan v. Commissioner, T.C. Memo. 1985-41; Banks v. Commissioner, T.C. Memo. 1981-490.

Mr. Swagler testified that the food fund into which he contributed was optional and voluntary. As such, his payments into that fund are personal expenses and are not deductible.

2. <u>Miscellaneous Expenses</u>

    a.   <u>Phone and Pager Expenses</u>

Cellular phones and pagers are included in the definition of listed property for purposes of section 274(d)(4) and are subject to its strict substantiation requirements. Petitioners submitted copies of three checks drawn on their account and payable to Cellular One. However, there is nothing on the check copies that shows the expenditures were business-related, and petitioners were unable to provide any other evidence or documentation substantiating their cellular phone and pager expenses as deductible items. Respondent's disallowance is sustained.

    b.   <u>Other Expenses</u>

Petitioners did not provide any evidence or testimony pertaining to their claimed expenses for tools, professional publications, uniforms and related cleaning expenses, or professional dues. Respondent allowed $200 as a reasonable allowance for these expenses. Because petitioners have failed to prove that the determination is erroneous, the Court sustains respondent on this issue.

3.   Charitable Contributions

Section 170 allows a taxpayer to deduct a charitable contribution "only if verified under regulations prescribed by the Secretary."  Sec. 170(a)(1).  The regulations provide specific record-keeping requirements.  With respect to each charitable contribution of money in a taxable year beginning after December 31, 1982, a taxpayer is required to maintain one of the following:  (1) A canceled check; (2) a receipt or letter from the donee indicating the name of the donee, the date of the contribution, and the amount of the contribution; or (3) any other reliable written record showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

At trial, Mr. Swagler conceded that petitioners could not substantiate their claimed charitable contributions. Respondent's disallowance of the entire $1,452 claim for charitable contributions is sustained.

4.   Schedule E Rental Real Estate Expense Deductions

Respondent disallowed $86 of the expenses pertaining to McVicker and $1,907 of the expenses pertaining to Gettysburg for lack of substantiation.  At trial, petitioners submitted a number of receipts, cash register tapes, and invoices to substantiate their claimed deductions.  With regard to most of the receipts and cash register tapes, the Court is unable to determine from

these records what types of items petitioners purchased. Additionally, other than handwritten notations on some of the receipts and cash register tapes, petitioners failed to offer any evidence linking any of the expenses to the rental properties. The Court holds that petitioners offered no evidence that supports deductions in excess of the amounts allowed by respondent.  Therefore, the Court sustains respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.