T.C. Summary Opinion 2009-8


UNITED STATES TAX COURT


MIKE CULBERSON AND FELICIA C. CULBERSON, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12544-06S.                    Filed January 8, 2009.


Mike Culberson and Felicia C. Culberson, pro sese.

Beth A. Nunnink, for respondent.


CARLUZZO, Special Trial Judge:  This case was heard

pursuant to the provisions of section 7463.[1]  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

other court, and this opinion shall not be cited as precedent for any other case.

In a notice of deficiency dated April 5, 2006, respondent determined the following deficiencies in and penalties with respect to petitioners' Federal income taxes:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2003 | $18,593 | $3,718.60 |
| 2004 | 12,459 | 2,491.80 |

The issues for decision for each year are: (1) Whether petitioners are entitled to a trade or business expense deduction for utilities; (2) whether petitioners are entitled to an itemized deduction for amounts identified as unreimbursed employee business expenses; and (3) whether petitioners are entitled to trade or business expense deductions for expenses attributable to a tournament fishing activity.

## Background

Some of the facts have been stipulated and are so found. Petitioners are, and were at all times relevant, married to each other. At the time the petition was filed, they resided in Tennessee.

## Petitioners' Employment and Tournament Fishing Activity

Mike Culberson (petitioner) was employed as a firefighter by the City of Franklin, Tennessee. During each year in issue he paid union dues, he contributed towards the cost of

cable/satellite television service at the firehouse, he contributed towards a common meal fund for meals consumed at the firehouse, and he incurred expenses for maintaining and cleaning his firefighter uniforms.

Petitioner was also the sole proprietor of a lawn care business that he operated during each year in issue. The income and expenses attributable to that business are shown on a Schedule C, Profit or Loss From Business, included with petitioners' return for each year in issue.

During each year in issue petitioner entered or participated in various fishing tournaments, a practice that he started in 1988. Typically, entrants to these fishing tournaments paid a fee and were eligible to win various prizes or prize money. From 1988 through the years in issue petitioner's expenditures incurred in connection with the fishing tournaments always exceeded any winnings or income he received from the activity. From 1988 through 2002 petitioner apparently did not treat his tournament fishing activity as a trade or business for Federal income tax purposes. Things changed in 2003. Starting in that year, having heard that other firefighters were claiming deductions for similar expenditures, and upon the advice of his income tax return preparer, petitioner considered his tournament fishing activity a trade or business.

Felicia C. Culberson was employed as a vehicle repair supervisor by Enterprise Rent-A-Car (Enterprise) until November 2003. As an employee of Enterprise, she was provided the use of a company-owned car. The value of the use of the company-owned car was somehow calculated and included in the wage income reported on the 2003 Form W-2, Wage and Tax Statement, issued to her by Enterprise.

From December 2003 through May 2004 she worked on a part-time or temporary basis for various employers.

In June 2004 she began working full time for an employer she identified only as "Dell". She described her job with Dell as "sales rep for the business sales floor".

Petitioners' Federal Income Tax Returns

Petitioners filed a timely joint Federal income tax return for each year in issue. Both returns were prepared by a professional income tax return preparer.

1. 2003

As relevant here, petitioners' 2003 return includes a Schedule A, Itemized Deductions, two Forms 2106, Employee Business Expenses (one relating to petitioner's employment as a firefighter and the other relating to Felicia C. Culberson's employment with Enterprise), a Schedule C on which the income and expenses of petitioner's lawn care business are reported (the 2003 lawn care Schedule C), and a Schedule C on which the income

and expenditures attributable to petitioner's tournament fishing activity are reported (the 2003 tournament fishing activity Schedule C).

Among other things, on the Schedule A petitioners claimed a $7,448 deduction for unreimbursed employee business expenses.[2] Of this amount, $2,624 relates to petitioner and $3,960 relates to Felicia C. Culberson.[3] The amount relating to petitioner ($2,624) is attributable to claimed expenses for vehicle expenses ($324), meals consumed at the firehouse ($2,040, after the application of section 274(n)), and other "business expenses" ($260, presumably including union dues, haircuts, uniform maintenance, and contributions towards cable/satellite television service at the firehouse). The amount relating to Felicia C. Culberson ($3,960) is attributable entirely to vehicle expenses. This amount was computed by applying the applicable "standard mileage rate" (then 36 cents per mile) to 11,000 of the 14,000 miles that a vehicle not identified on the return is claimed to have been driven by her for business purposes.

---

[2]This amount is before the application of sec. 67(a).

[3]The difference between $6,584 (the sum of $2,624 and $3,960 as shown on the Forms 2106) and $7,448, the amount deducted on the Schedule A, has not been explained. The difference might be explained on a statement referenced on the Schedule A but not included with the copy of the return placed into evidence.

On the 2003 lawn care Schedule C, among other items no longer in dispute, petitioners claimed a $240 deduction for "utilities" expenses. The exact nature of the underlying expenditure is not known.

The 2003 tournament fishing activity Schedule C shows gross receipts and gross income in the same amount; that is, $415. The following deductions are claimed on that Schedule C:

| Deduction | Amount |
| --- | --- |
| Depreciation/sec. 179 | $18,749 |
| Legal and professional services | 750 |
| Supplies | 620 |
| Taxes and licenses | 238 |
| Fuel for boat | 404 |
| Entry fees | 1,110 |
| Oil for boat | 110 |

The $21,566 net loss shown on that Schedule C is taken into account in the computation of the adjusted gross income reported on petitioners' 2003 return.

2. 2004

As relevant here, petitioners' 2004 return includes a Schedule A, two Forms 2106 (one relating to petitioner's employment as a firefighter, and the other relating to Felicia C. Culberson's employment, presumably with Dell), a Schedule C on which the income and expenses of petitioner's lawn care business are reported (the 2004 lawn care Schedule C), and a Schedule C on which the income and expenditures attributable to petitioner's

2004 tournament fishing activity are reported (the 2004 tournament fishing activity Schedule C).

Among other things, on the Schedule A petitioners claimed a $5,857 deduction for unreimbursed employee business expenses.[4] Of this amount, $2,446 relates to petitioner and $1,425 relates to Felicia Culbertson.[5] The amount relating to petitioner ($2,446) is attributable to claimed expenses for vehicle expenses ($41), meals consumed at the firehouse ($2,040, after the application of section 274(n)), and other "business expenses" ($365, presumably including union dues, haircuts, uniform maintenance, and contributions towards cable/satellite television service at the firehouse). The amount relating to Felicia C. Culberson ($1,425) is attributable entirely to vehicle expenses. This amount was computed by applying the applicable "standard mileage rate" (then 37.5 cents per mile) to 3,800 of the 13,000 miles that a vehicle not identified on the return is claimed to have been driven by her for business purposes.

On the 2004 lawn care Schedule C, among other items no longer in dispute, petitioners claimed a $255 deduction for

---

[4]This is the amount before the application of sec. 67(a).

[5]The difference between $3,871 (the sum of $2,446 and $1,425 as shown on the Forms 2106) and $5,857, the amount deducted on the Schedule A, has not been explained. The difference might be explained on a statement referenced on the Schedule A but not included with the copy of the return placed into evidence.

"utilities" expenses. The exact nature of the underlying expenditure is not known.

The 2004 tournament fishing activity Schedule C shows gross receipts and gross income in the same amount; that is, $380. The following deductions are claimed on that Schedule C:

| Deduction | Amount |
|---|---|
| Car and truck expenses | $3,338 |
| Depreciation/sec. 179 | 7,080 |
| Repairs and maintenance | 75 |
| Supplies | 540 |
| Meals (after sec. 274(n)) | 255 |
| Fuel for boat | 516 |
| Entry fees | 2,390 |
| Oil for boat | 239 |
| Cellphone | 588 |

The $14,641 net loss shown on that Schedule C is taken into account in the computation of the adjusted gross income reported on petitioners' 2004 return.

The Notice of Deficiency

Some of the adjustments made in that notice have been agreed to between the parties or conceded by one or the other of them, and others are computational. Those adjustments will not be noted.

The adjustments that remain in dispute for each year in issue are as follows: (1) The disallowance of the utilities expense deduction claimed on the lawn care Schedule C; (2) the

disallowance of the unreimbursed employee business expense deduction claimed on the Schedule A; and (3) the disallowance of the net loss claimed on the tournament fishing activity Schedule C.

## Discussion

The issues that remain in dispute all involve disallowed deductions. As we have observed in countless opinions, deductions are a matter of legislative grace. New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

According to petitioners, the deductions here in dispute are allowable under section 162(a). That section generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952). The determination of whether

an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose. See Deputy v. du Pont, 308 U.S. 488, 495 (1940). Ordinarily, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business. See Commissioner v. Tellier, 383 U.S. 687 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), affd. 777 F.2d 662 (11th Cir. 1985). On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

Against these general principles of Federal income taxation, we consider petitioners' entitlement to the deductions respondent disallowed.

Utilities Expense Deduction

Petitioners claimed a deduction for utilities expenses on the lawn care Schedule C for each year in issue. Neither petitioners nor their income tax return preparer could explain the nature of the underlying expenditure with the degree of specificity necessary to allow the claimed deduction. Without knowing the nature of the expense we cannot determine whether it was "ordinary and necessary" for petitioner to have incurred that expense in connection with his lawn care business.

Respondent's disallowance of the utilities expense deduction for each year in issue is sustained.

Unreimbursed Employee Business Expense Deduction

The unreimbursed employee business expense deduction petitioners claimed for each year in issue consists of four components: (1) An amount for which no explanation has been provided ($864 for 2003 and $1,986 for 2004); (2) vehicle expenses for both petitioners; (3) meals petitioner consumed at the firehouse; and (4) various expenses, including union dues, haircuts, uniform maintenance, etc., relating to petitioner's employment as a firefighter. We consider each in the order just listed.

1. Unexplained Amounts

Expenditures not explained hardly qualify for deduction. Petitioners are not entitled to a deduction for the unexplained amounts included in the unreimbursed employee business expense deduction claimed for each year.

2. Vehicle Expenses

The unreimbursed employee business expense deduction claimed for each year includes amounts attributable to vehicle expenses relating to both petitioners. The record contains insufficient evidence to support a finding that either petitioner was required, as a condition of employment, to incur any expenses for the use of any vehicle. Petitioners are not entitled to a

deduction for amounts attributable to vehicle expenses included in the unreimbursed employee business expense deduction claimed for each year.

    3. Meals Expenses

    Petitioner contributed to a fund that was used to purchase food for meals that he consumed while on duty at the firehouse. Generally, the costs of a taxpayer's meals are nondeductible personal expenses, unless the expense of a meal is incurred while the taxpayer is traveling away from home for business purposes. See secs. 162(a)(2), 262(a). If, however, a fire department requires its firefighter-employees as a condition of employment to make contributions into a common meal fund, then those contributions qualify as deductible, ordinary and necessary business expenses. See, e.g., Sibla v. Commissioner, 68 T.C. 422, 432 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); Belt v. Commissioner, T.C. Memo. 1984-167. On the other hand, if a firefighter's contributions into a common meal fund are not required as a condition of employment but are made voluntarily, then such contributions are considered a personal expense that is not deductible. See, e.g., Duggan v. Commissioner, 77 T.C. 911, 914-915 (1981).

    It is obvious that the meal expenses petitioners deducted were not incurred while petitioner was traveling away from home on business. Furthermore, nothing in the record would support a

finding that the contributions petitioner made to the common meal fund were made on other than a voluntary basis. Petitioners are not entitled to a deduction for amounts attributable to meal expenses included in the unreimbursed employee business expense deduction claimed for each year.

4. Other Expenses

The unreimbursed employee business expense deduction claimed for each year includes amounts attributable to various expenditures for union dues, haircuts, uniform maintenance, etc., relating to petitioner's employment as a firefighter. We need not consider petitioners' entitlement to include those amounts in an unreimbursed employee business expense deduction because even if the total amount claimed for each year were allowed, it would not exceed 2 percent of their adjusted gross income. See sec. 67(a).

Respondent's disallowance of the miscellaneous itemized deduction for unreimbursed employee business expenses for each year in issue is sustained.

Tournament Fishing Activity Schedule C Losses

According to petitioners, the expense deductions claimed and the resultant loss shown on the 2003 tournament fishing activity Schedule C and the 2004 tournament fishing activity Schedule C are allowable because the activity constitutes a trade or business within the meaning of section 162(a) and section

165(c)(1). According to respondent, petitioner's tournament fishing activity did not qualify as a trade or business during either year in issue and expenditures incurred in connection with that activity are deductible only as allowed by section 183.

To be engaged in a trade or business within the meaning of section 162(a) and section 165(a)(2), a taxpayer must conduct the activity with continuity, regularity, and for the primary purpose of deriving a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Whether a taxpayer is carrying on a trade or business requires an examination of all of the facts in each case. Id. at 36.

Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be actual and honest. Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Whether a taxpayer has an actual and honest profit objective is a question of fact to be answered from all of the relevant facts and circumstances. Hastings v. Commissioner, T.C. Memo. 2002-310; sec. 1.183-2(a), Income Tax Regs.

The pertinent regulations set forth a nonexhaustive list of factors that may be considered in deciding whether a profit objective exists. These factors include: (1) The manner in which the taxpayer carries on the activity, (2) the expertise of

the taxpayer or his advisers, (3) the time and effort expended by the taxpayer in carrying on the activity, (4) the expectation that assets used in the activity may appreciate in value, (5) the success of the taxpayer in carrying on other similar or dissimilar activities, (6) the taxpayer's history of income or losses with respect to the activity, (7) the amount of occasional profits, if any, which are earned, (8) the financial status of the taxpayer, and (9) the elements of personal pleasure or recreation.  Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs.  No single factor or group of factors is determinative.  Golanty v. Commissioner, supra at 426. A final determination is made only after a consideration of all of the relevant facts and circumstances.

It is not necessary to discuss each of the factors enumerated in section 1.183-2(b), Income Tax Regs., as it is clear that no factor supports a determination in petitioners' favor.  The record contains insufficient evidence to support a finding that petitioner conducted his tournament fishing activity with the primary objective of making a profit for either year in issue.  It follows that the activity does not constitute a trade or business for either year.  It further follows that petitioners are entitled to deductions relating to that activity only as allowable under section 183, and they are not entitled to a

deduction for the loss shown on either the 2003 or the 2004 tournament fishing activity Schedule C.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.