T.C. Summary Opinion 2010-164


UNITED STATES TAX COURT


AMY L. HARTMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JAMES JENNINGS AND AMY HARTMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 197-06S, 374-06S.       Filed October 28, 2010.


James Jennings and Amy L. Hartman, pro sese.

Beth A. Nunnink, for respondent.


CARLUZZO, Special Trial Judge:  Each of these consolidated

cases was heard pursuant to the provisions of section 7463.[1]

_____

    [1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered in each case is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated November 30, 2005, respondent determined the following deficiencies in and penalties with respect to petitioners' Federal income taxes:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2002 | $4,566 | $913.20 |
| 2003 | 3,970 | 794.00 |

In a notice of deficiency dated December 6, 2005, respondent determined a $1,337 deficiency in Amy L. Hartman's 2004 Federal income tax and imposed a $267.40 section 6662(a) accuracy-related penalty.

After concessions by the parties, the issues for decision are as follows: (1) Whether petitioners are entitled to deductions for unreimbursed employee business expenses for 2002 and/or 2003; (2) whether Amy L. Hartman (Ms. Hartman) is entitled to a deduction for unreimbursed employee business expenses for 2004; (3) whether petitioners are liable for a section 6662(a) accuracy-related penalty for 2002 and/or 2003; and (4) whether Ms. Hartman is liable for a section 6662(a) accuracy-related penalty for 2004.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in Tennessee at the time that the petitions in these consolidated cases were filed.

### Employment Status of Each Petitioner

James Jennings (Mr. Jennings) began employment as a firefighter for the City of Franklin, Tennessee, in 1994, and he was so employed at all times relevant to this proceeding. He was also a member of the Franklin Firefighters Association, Local No. 3758 (the association). As a firefighter, Mr. Jennings worked 24-hour-on, 48-hour-off shifts. While on duty Mr. Jennings was permitted to leave the fire station to purchase takeout meals, but he was otherwise required to eat his meals at the fire station. In addition to the expenses he incurred for the take-out meals, Mr. Jennings contributed $10 a month towards a common meal fund for meals, usually breakfast, prepared and eaten at the fire station. According to the association, its members were required to contribute to the meal fund.

Starting in 1995 and at all relevant times, on his days off as a firefighter Mr. Jennings was employed as a fire investigator by Southern Fire Analysis (Southern). His employment with Southern required him to travel "all over the Southeast, as far north as Virginia and West Virginia, Illinois, and as far south as Florida". As part of his responsibilities with Southern, he

typically traveled by car from his residence in Tennessee to various locations.  As part of a fire investigation, he routinely photographed the scene of the fire.  Upon the submission of a travel voucher to Southern, he was reimbursed for the use of his car at the rate of 45 cents per mile.  He was also reimbursed by Southern for expenses incurred for "supplies", "photos", and "copies".

Southern required that Mr. Jennings wear "business casual" clothing while meeting with a client and business attire (i.e., a suit and tie) when attending a deposition or testifying in court. When investigating at the scene of a fire, he generally wore steel-toe boots and clothing suitable for what he needed to do, such as crawling around in tight spaces, etc.  Often the clothing that he wore during a fire scene investigation was damaged.

During the years in issue Ms. Hartman was employed as a sales representative for Interior Design Services (Design).

During 2002 and 2003 her primary responsibilities related to Design's contract with the State of Tennessee.  Pursuant to that contract, Design supplied furniture and design services for State offices and other buildings, many of which were in Knoxville, Tennessee, where Ms. Hartman spent much of her time as an employee of Design.  During those years her residence was approximately 218 miles from Knoxville.  She routinely drove back

and forth between her residence and Knoxville, but she seldom, if ever, stayed overnight in Knoxville.

Sometime during 2004, although still employed by Design, Ms. Hartman was no longer required to travel as frequently or as far from her residence.  Her reduced travel schedule was due in part to the birth of a child in 2003 and in part to a change in the location of the clients of Design that she was serving.

Petitioners' Federal Income Tax Returns

Petitioners filed timely joint Federal income tax returns for 2002 and 2003.  Ms. Hartman timely filed her Federal income tax return for 2004.  The returns were prepared by a professional income tax return preparer.

1. 2002

As relevant here, petitioners' 2002 return includes a Schedule A, Itemized Deductions, and two Forms 2106, Employee Business Expenses, one relating to Mr. Jennings' employment as a fire investigator, and the other to Ms. Hartman's employment as a Design sales representative.

Among other things, on the Schedule A petitioners claimed a $21,293 deduction for unreimbursed employee business expenses.[2] Of this amount, $9,437 relates to Mr. Jennings and $11,856

---

[2]Totals referenced in this opinion for unreimbursed employee business expense deductions are before the application of sec. 67(a).

relates to Ms. Hartman.  The amount relating to Mr. Jennings ($9,437) is attributable to claimed expenses for meals consumed at the firehouse ($3,862, after the application of section 274(n)), uniforms ($5,125), and union dues ($450).  The amount relating to Ms. Hartman ($11,856) is attributable to claimed expenses for vehicle expenses ($6,655), otherwise unidentified business expenses ($6,425), meals and entertainment ($2,329, after the application of section 274(n)), and her home office ($1,375).

2. 2003

As relevant here, petitioners' 2003 return includes a Schedule A and two Forms 2106, one relating to Mr. Jennings' employment as a fire investigator and the other to Ms. Hartman's employment as a Design sales representative.

Among other things, on the Schedule A petitioners claimed a $16,877 deduction for unreimbursed employee business expenses. Of this amount, $9,609 relates to Mr. Jennings and $7,268 relates to Ms. Hartman.  The amount relating to Mr. Jennings ($9,609) is attributable to claimed vehicle expenses ($12,667), and union dues ($450).  The amount relating to Ms. Hartman ($7,268) is attributable to claimed vehicle expenses ($4,015), and otherwise unidentified business expenses ($6,264).

3. <u>2004</u>

As relevant here, Ms. Hartman's 2004 return includes a Schedule A and a Form 2106 relating to her employment as a Design sales representative.

Among other things, on the Schedule A she claimed a $10,651 deduction for unreimbursed employee business expenses. Ms. Hartman's unreimbursed employee business expenses are attributable to vehicle expenses ($2,811), parking fees and tolls ($150), Internet expenses ($312), meals and entertainment expenses ($1,300, after the application of section 274(n)), uniforms expenses ($4,920), and cell phone expenses ($1,158).

<u>The Notices of Deficiency</u>

Some of the adjustments made in the notices have been agreed to between the parties or conceded, and other adjustments are computational. Those adjustments will not be discussed.

For 2002 and 2003 respondent disallowed all unreimbursed employee business expenses, with the exception of union dues, $300 of dry cleaning expenses, and $1,004 of Ms. Hartman's vehicle expenses.

For 2004 respondent disallowed all unreimbursed employee business expenses claimed on Ms. Hartman's return. Because allowable itemized deductions were less than the standard deduction, respondent disallowed otherwise allowable itemized

deductions claimed on the Schedule A and allowed Ms. Hartman the standard deduction.

For each year in issue respondent also imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations".

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

This burden requires the taxpayer to substantiate claimed deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, supra; sec. 1.6001-1(a), Income Tax Regs. Certain expenses, such as the portions of the disallowed unreimbursed employee business expense deductions

attributable to vehicle and meals expenses here in dispute are subject to strict substantiation requirements. See sec. 274(d). In general, those expenses must be substantiated by adequate written records. That is, the taxpayer must maintain a diary, a log, or a similar record and documentary evidence that, in combination, are sufficient to establish the time, place, business purpose, and amount of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In general, the substantiating records, or combination of records, should be made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

The types of deductions here in dispute are allowable, if at all, under section 162(a). That section generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952). Certain types of business expenses may be estimated if substantiating evidence does not exist or is otherwise not available. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Business expense deductions

subject to section 274(d), however, may not be estimated.  See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Under section 7491(a)(1), the burden of proof shifts from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability and the taxpayer has satisfied certain conditions.  Accordingly, petitioners argue that the burden of proof should be placed upon respondent with respect to all issues here in dispute.  If for no other reason, the procedural histories of these cases, which include respondent's use of formal discovery to attempt to obtain documents and other information from petitioners, completely undermines their argument.[3]  See sec. 7491(a)(2)(A) and (B).  Accordingly, the burden of proof remains on petitioners.

With these fundamental principles in mind, we turn our attention first to the deductions here in dispute.

I. Unreimbursed Employee Business Expense Deductions

The unreimbursed employee business expense deduction in dispute for each year in issue consists of one or more of the

---

[3]The use of formal discovery in a deficiency proceeding subject to sec. 7463 is less than routine.  Through no fault of respondent's, respondent's formal discovery attempts were not successful.

following components: (1) Vehicle expenses; (2) meals and entertainment expenses; (3) uniform and uniform maintenance expenses; (4) unidentified business expenses; (5) home office expenses; (6) parking fees and tolls expenses; (7) Internet expenses; and (8) cell phone expenses. We consider each in the order just listed.

A. Vehicle Expenses

According to petitioners, the amounts deducted for vehicle expenses each year represent only the amounts that exceeded the reimbursements that each received from his or her employer. As noted, deductions for vehicle expenses must be substantiated in accordance with the requirements of section 274. Secs. 162(a), 274(d).

Petitioners provided a logbook maintained by Mr. Jennings to substantiate his mileage as a Southern employee. The documents submitted, however, demonstrate that Mr. Jennings was reimbursed for the mileage recorded in the logbook. According to Mr. Jennings he also maintained a second logbook of unreimbursed miles, but this second logbook was not made part of the record. Absent written substantiation for the additional mileage, petitioners are not entitled to a deduction attributable to that mileage. See sec. 274(d).

Except for 2003, no adequate substantiating records were provided with respect to the mileage expense deductions attributable to Ms. Hartman's employment with Design.[4]

It follows that petitioners are not entitled to a deduction for vehicle expenses in each of the years in issue in excess of the amounts respondent allowed.

B. Meals and Entertainment Expenses

For 2002 petitioners' unreimbursed business expenses deduction includes amounts Mr. Jennings claims to have contributed to the common meal fund, as well as for the cost of all other meals Mr. Jennings consumed while on duty as a firefighter. Ms. Hartman's claimed meals expense deductions in 2002 and 2004 include the costs of meals consumed while traveling on business as well as the costs of meals for "entertaining" Design clients.

1. Mr. Jennings' Meals Expenses

According to petitioners, because Mr. Jennings was required as a condition of his employment to eat his meals at the fire station, the costs of the meals as well as his contributions to the meal fund are deductible as employee business expenses. In support of their position, petitioners rely upon a letter from the association stating that "every member of the Franklin

---

[4]Respondent concedes the vehicle expense deduction attributable to Ms. Hartman for 2003.

Firefighters Association is required to pay into a meal fund while they are on duty for the city of Franklin."

Generally, the costs of a taxpayer's meals are nondeductible personal expenses, unless the expense of a meal is incurred while the taxpayer is traveling away from home for business purposes. See secs. 162(a)(2), 262(a). If, however, a fire department requires its firefighter-employees as a condition of employment to make contributions into a common meal fund so as to ensure their presence at all times at the fire station, then those contributions qualify as deductible ordinary and necessary business expenses. See, e.g., Sibla v. Commissioner, 68 T.C. 422, 432 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); Belt v. Commissioner, T.C. Memo. 1984-167. On the other hand, if a firefighter's contributions into a common meal fund are not required as a condition of employment but are made voluntarily, then such contributions are considered a personal expense that is not deductible. See, e.g., Duggan v. Commissioner, 77 T.C. 911, 914-915 (1981).

The meal expenses attributable to Mr. Jennings and deducted by petitioners were not incurred while he was traveling away from home on business, and the expenses cannot be deducted on that ground. Furthermore, the deduction is not supported by the letter from the association because Mr. Jennings was not an employee of the association. There is insufficient evidence in

the record to establish that Mr. Jennings, while on duty and as a condition of employment with the City of Franklin Fire Department, was required to purchase his meals through contributions made to a common meal fund. Petitioners are not entitled to a deduction for amounts attributable to Mr. Jennings' meal expenses included in the unreimbursed employee business expense deduction claimed for 2002.[5]

### 2. Ms. Hartman's Meals Expenses

Ms. Hartman contends that because she incurred costs for meals while traveling on business and/or while entertaining Design clients, the costs of the meals are deductible as unreimbursed employee business expenses.

As stated above, in general, the costs of a taxpayer's meals are nondeductible personal expenses, unless the expense of a meal is incurred while the taxpayer is traveling away from home for business purposes. See secs. 162(a)(2), 262(a). The deductibility of meals and entertainment expenses is also conditioned on their being substantiated by adequate records or by other sufficient evidence corroborating the claimed expenses pursuant to section 274(d). Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

---

[5]Even if the expenses were otherwise allowable, we note that petitioners failed to meet the strict substantiation requirements of sec. 274(d).

Ms. Hartman failed to provide any substantiating documentation with respect to her claimed meals expenses. See sec. 274(d). Respondent's disallowance of Ms. Hartman's claimed meals expenses is sustained.

C. Expenses for "Uniforms" and "Uniform" Maintenance

In 2002 petitioners claimed a deduction for the purchase and dry cleaning of the clothing each wore while at work. In 2004 Ms. Hartman claimed a deduction for the dry cleaning of her work uniform.

Expenses for work clothing are deductible if the clothing or uniform is of a type specifically required as a condition of employment, the uniform is not adaptable to general use as ordinary clothing, and the uniforms are not worn as ordinary clothing. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Wasik v. Commissioner, T.C. Memo. 2007-148; Beckey v. Commissioner, T.C. Memo. 1994-514.

The business casual attire and business suits Mr. Jennings purchased, including any related dry cleaning or other maintenance costs of that clothing, are not deductible because the clothing is adaptable for nonbusiness wear. See, e.g., Hawbaker v. Commissioner, T.C. Memo. 1983-665. With respect to expenses incurred for specialized clothing and steel-toe footwear Mr. Jennings wore while investigating a fire scene, we

find that petitioners are entitled to a deduction of $1,000 for the purchase of Mr. Jennings' fire-resistant clothing and maintenance thereof in 2002. See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544; <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).

Ms. Hartman failed to provide the Court with any explanation as to her claimed dry cleaning expenses. Furthermore, she did not offer any evidence to substantiate the deductions claimed. Accordingly, respondent's disallowance of Ms. Hartman's claimed uniforms expenses is sustained.

D. <u>Deduction for Unidentified "Business Expenses"</u>

Petitioners claimed business expense deductions of $6,425 and $6,264 on their 2002 and 2003 joint returns, respectively. For both years in issue the entire amount of the business expense deductions relates to Ms. Hartman, but it is unclear what specific costs are included in the deduction.

At trial petitioners failed to present any evidence to explain, much less substantiate, the amounts so deducted. Petitioners are not entitled to deductions identified simply as "business expenses" on either their 2002 or 2003 joint return.

E. <u>Home Office Expenses</u>

Petitioners claimed a $1,375 home office deduction on their 2002 return. According to petitioners, the home office was used

(1) in connection with their rental properties,[6] and (2) by Ms. Hartman to prepare for meetings and/or sales calls with Design clients.

In general, a taxpayer is not entitled to deduct any expenses related to the use of a dwelling unit used by the taxpayer as a residence during the taxable year.  See sec. 280A. Expenses attributable to a home office are excepted from this general rule, however, if the expenses are allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business.  See sec. 280A(c)(1); Lofstrom v. Commissioner, 125 T.C. 271, 278 (2005).  If the taxpayer is an employee, the exception under section 280A(c)(1) will apply only if the home office is maintained for the convenience of the employer.  See Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990).

Petitioners do not claim and they have not established that during 2002 the den was used exclusively on a regular basis as the principal place of business for either petitioner or that the den/home office was maintained for the convenience of either of their employers.  The fact that petitioners used the den/home office for business purposes as they claim is insufficient to

_____

[6]Petitioners' 2002 joint return includes a Schedule E, Supplemental Income and Loss, showing rental income and expenses attributable to certain real estate.  None of the items reported on the Schedule E are in dispute.

allow any deduction attributable to that use.  See <u>Lofstrom v.
Commissioner</u>, <u>supra</u> at 278.  Petitioners are not entitled to a
home office deduction for 2002, and respondent's determination in
this regard is sustained.

 F. <u>Parking Fees and Tolls</u>

 Ms. Hartman claimed a deduction for parking fees and tolls
on her 2004 return.  According to Ms. Hartman, she incurred the
parking fees while traveling on business in Knoxville, Tennessee,
where she met with her Design clients.  She testified that Design
reimbursed her for parking fees, and she has not established that
she is entitled to a deduction in excess of the amount
reimbursed.  Ms. Hartman is not entitled to a deduction for
expenses shown as parking fees and tolls on her 2004 return.

 G. <u>Internet Expenses</u>

 Ms. Hartman claimed a deduction for Internet expenses on her
2004 return; but she did not address the Internet expense
deduction at trial, and no receipts or other documentation to
substantiate her Internet expenses were provided.  Therefore, Ms.
Hartman is not entitled to a deduction for Internet expenses.

 H. <u>Cell Phone Expenses</u>

 Ms. Hartman claimed a $1,158 deduction for cell phone
use on her 2004 return.  Expenses for cell phone use must be
substantiated in accordance with section 274(d) and the
regulations thereunder.  She has provided no evidence that

substantiates her cell phone expense in accordance with section 274(d) and therefore is not entitled to the cell phone expense deduction.

II. The Accuracy-Related Penalties

Lastly, we consider whether petitioners are liable for section 6662(a) accuracy-related penalties for 2002 and/or 2003, and whether Ms. Hartman is liable for that penalty for 2004. Although various grounds for the imposition of the penalty for each year are stated in the appropriate notice of deficiency, under the circumstances for each year, only negligence or disregard of rules or regulations is applicable. See sec. 6662(a), (b)(1), (c). The burden of production with respect to the imposition of the penalty rests with respondent. Sec. 7491(c).

In support of this burden, respondent points out that for each year in issue petitioners and/or Ms. Hartman, as applicable, failed to maintain adequate substantiating records supporting the various deductions here in dispute. According to respondent, a taxpayer's failure to maintain adequate records is a ground for the imposition of a section 6662(a) penalty for negligence. Sanderlin v. Commissioner, T.C. Memo. 2008-209; Corrigan v. Commissioner, T.C. Memo. 2005-119; sec. 1.6662-3(b)(1), Income Tax Regs. In principle, we agree with respondent but are not

willing to impose the penalty on that basis in these cases for any of the years in issue.

According to petitioners and their return preparer, petitioners maintained and presented to respondent's examining agent sufficient documentation to support each of the deductions claimed on the returns for the years in issue. It has not been made clear why, if once available to the examining agent, the records were not available at trial. In any event, petitioners assumed that the examining agent would be called as a witness at trial because that individual was listed as a witness on respondent's pretrial memorandum. Respondent, however, did not call the examining agent, who was not otherwise present during the trial and not available to be called as a witness on petitioners' behalf.

What documents the examining agent reviewed remains a mystery, but it stands that the only evidence on the point in the record consists of petitioners' claim that substantiating documents, at least as of the time each return was filed, were not only maintained, but also available to respondent for examination. In the absence of any contrary evidence as to what documents were reviewed by the examining agent, we are reluctant to impose a section 6662(a) accuracy-related penalty for any of the years in issue.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioners' motion to shift the burden of proof, and decisions will be entered under Rule 155</u>.