T.C. Summary Opinion 2021-10

UNITED STATES TAX COURT

RICHARD ALAN POST AND JANICE LORRAINE POST, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15355-17S.                    Filed May 12, 2021.

Richard Alan Post and Janice Lorraine Post, pro sese.

Kevin R. Oveisi, for respondent.

SUMMARY OPINION

CARLUZZO, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated April 24, 2017 (notice), respondent determined a $5,350 deficiency in petitioners' 2014 Federal income tax and a $1,070 section 6662(a) accuracy-related penalty.

After concessions,[2] the issue for decision is whether petitioners are entitled to unreimbursed employee business expense deductions claimed on Schedule A, Itemized Deductions, included with petitioners' 2014 Federal income tax return.

---

[1](...continued)
Code of 1986, as amended and in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent concedes that petitioners are entitled to miscellaneous itemized deductions for: (1) professional fees and dues of $1,932.24; (2) job hunting expenses of $2,971.33; (3) camera and telephone expenses of $937.60; (4) off-duty weapon of $506.60; (5) gun case of $7.69; (6) master locks of $6.48; (7) shooting course of $75; (8) Cabelas ammo of $107.90; (9) pocket holster of $53.85; (10) Bob White seminar of $200; (11) mileage to the Bob White seminar of $117.60; and (12) four trips to Riverside Range for quarterly weapons qualification of $306.43. Respondent also concedes the sec. 6662(a) accuracy-related penalty. Petitioners concede that they are not entitled to a miscellaneous itemized deduction for sales tax of $1,743.99.

## Background

Some of the facts have been stipulated and are so found. Petitioners lived in California when the petition was filed.

At all times relevant, Mr. Post (petitioner) was employed as a correctional officer for the California Department of Corrections and Rehabilitation (CDCR) assigned to the Calipatria State Prison. As such, he was a member of the California Correctional Peace Officers Association (CCPOA). Some of the terms and conditions of petitioner's employment were subject to a collectively bargained agreement between the State of California and the CCPOA (agreement).

Certain posts within the Calipatria State Prison required correction officers assigned to those posts to carry firearms. The CDCR provided firearms that could be shared by the correctional officers so assigned. The CDCR did not issue a firearm to petitioner, and he was not required to provide his own as a condition of his employment.

Nevertheless, under the terms of the agreement, "quarterly weapon qualifications" (weapons qualification) were required for correctional officers. Apparently, the failure to meet the weapons qualification could result in suspension or an assignment to a post that did not require the correctional officer to carry or use a weapon. Petitioner was required to satisfy the weapons

qualification while off duty and at a gun range of his choosing. In order to do so he had to provide the necessary weapon(s) and ammunition, and he had to pay the fees charged by the gun range(s). He was not entitled to, and did not receive reimbursement for, any expenses he paid or incurred to ensure that he satisfied the weapons qualification.

The agreement also provided a uniform allowance of $530 per year to full-time employees and "an allowance for the initial purchase of uniform and uniform accessories required as a condition of employment". Pursuant to article 14 of the agreement, petitioner was entitled to reimbursement "for actual, necessary and appropriate business expenses and travel expenses incurred 50 miles or more from home and headquarters," including mileage, meals, lodging, and incidentals, among other things. Pursuant to article 10.10 of the agreement, petitioner was entitled to reimbursement for travel to court for matters related to his employment.

Petitioner kept a written diary in which he recorded information relating to travel during 2014 that he claims is employment related. The diary was prepared contemporaneously with the events recorded in it. Years later during the examination of petitioners' return, petitioner prepared two separate mileage logs for 2014 in which he recorded for each entry a date or range of dates, a destination, a brief description of the purpose of the travel, and the miles driven.

According to the diary and mileage logs, petitioner attended various self-defense and martial arts seminars during 2014, including weekly training at Copper Mountain. His records also reflect that he made 28 trips to gun ranges, 4 of which were for the purpose of weapons qualification tests. Other destinations recorded in the diary and mileage logs include numerous trips to Super Cuts for haircuts, 8 trips to Pioneer Hospital, 2 trips to "Jail Court", 17 trips to the Calipatria State Prison for special events, 5 trips to the Calipatria State Prison for "annual" training, and 4 trips to the Fair Store, which was located near the Calipatria State Prison. Neither the diary nor the mileage logs identify a beginning destination; the mileage reported appears to be calculated as if each trip originated from petitioners' house.

As a condition of employment, petitioner was required to maintain legal insurance. During 2014 the cost of that insurance, or at least his share, $211.08, was paid through payroll deductions.

On the Schedule A included with the return petitioners claimed a $34,706 (before the application of the 2% limitation prescribed in section 67(a)) unreimbursed employee business expense deduction relating to petitioner's employment with the CDCR. Also included with petitioners' return are Form 2106-EZ, Unreimbursed Employee Business Expenses, and a "TY 2014

Unreimbursed Expense Statement" reflecting the breakout of some of the items included in the deduction as follows:

| Expense | Amount |
|---|---|
| Other | $29,644 |
| Legal fees | 200 |
| Subscriptions | 150 |
| Tools and supplies | 300 |
| Union dues | 958 |
| Uniforms | 2,200 |
| Work-related education | 1,200 |
| Total | 34,652 |

In the notice respondent: (1) disallowed the miscellaneous itemized deduction for unreimbursed employee business expenses claimed on Schedule A and (2) imposed a section 6662(a) accuracy-related penalty on various grounds.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions

---

[3]Petitioners do not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary an expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses unless entitled to reimbursement from

his or her employer.  See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Spielbauer v. Commissioner, T.C. Memo. 1998-80.  An employee business expense is not "ordinary and necessary" if the employee is entitled to reimbursement from his or her employer but fails to seek reimbursement.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.  On the other hand section 262(a) generally disallows a deduction for personal, living, or family expenses.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Otherwise, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise

allowable, are subject to strict rules of substantiation. See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement

specifically detailing the required elements.  Sec. 1.274-5T(c)(3), Temporary

Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Keeping in mind these guiding principles and the terms of the agreement,

we turn our attention to the deductions that remain in dispute.

Petitioners now claim that they are entitled to deductions for unreimbursed

employee business expenses consisting of the following:

| Expense | Amount |
| --- | --- |
| Professional fees and dues[1] | $1,932.24 |
| Uniforms and equipment | 2,715.08 |
| Grooming and laundry | 1,821.23 |
| Telephone and camera | 937.60 |
| Auto | 4,790.13 |
| Weaponry | 7,950.92 |
| Job hunting[2] | 2,971.33 |
| Miscellaneous | 5,278.05 |
| Advanced skills training | 8,979.89 |
| Total[3] | 37,376.47 |

[1]As noted, respondent concedes that petitioners are entitled to a miscellaneous itemized deduction for professional fees and dues of $1,932.24.
[2]As noted, respondent concedes that petitioners are entitled to a miscellaneous itemized deduction for job hunting expenses of $2,971.33.
[3]The unreimbursed employee business expense petitioners now claim is $2,670.47 more than the amount reported on their return.

All of the disputed deductions relate to petitioner's employment as a

correctional officer with the CDCR.  According to petitioners, each expense

qualifies as an ordinary and necessary business expense paid by petitioner but not

reimbursable by his employer.  See sec. 162(a).  According to respondent, petitioners have failed to establish that:  (1) the expenses were paid or, if paid, (2) the expenses were ordinary and necessary business expenses, and if business related, (3) they were not reimbursable by petitioner's employer.

I.  Uniforms and Equipment

Petitioners now claim an unreimbursed employee business expense deduction for uniforms and equipment of $2,715.08, which includes:  black socks ($60), black T-shirts ($300), briefs ($110), jumpsuit ($395.94), boots ($126.96), class B shirts ($116), cargo/tactical pants ($140), duty jacket ($152), class A jacket ($254), and caps/hats ($48), among various other items.  According to petitioners, these expenses served a medical necessity or were designed to provide protection as needed in petitioner's line of work.

The cost of clothing may be deductible if:  (1) the clothing is of a type specifically required as a condition of employment; (2) it is not adaptable to general use as ordinary clothing; and (3) it is not so worn.  Yeomans v. Commissioner, 30 T.C. 757, 767 (1958).

Some of petitioner's specialized clothing and safety equipment satisfy these criteria.  Nonetheless, pursuant to the agreement he was entitled to a $530 allowance from the State of California for the purchase of a uniform and uniform

accessories required as a condition of employment in 2014.  See Podems v. Commissioner, 24 T.C. at 22-23.  A $63.48 receipt for a pair of boots was the only evidence petitioners produced outside of petitioner's own testimony to substantiate their claimed expenses.  Because petitioners received an allowance in excess of their substantiated costs, they are not entitled to a deduction.

The remaining items, such as socks, T-shirts, briefs, and a jumpsuit, are suitable for general or personal wear and are therefore personal expenses under section 262(a).  Petitioners are not entitled to the claimed deductions for them.

## II.  Grooming and Laundry

Petitioners now claim an unreimbursed employee business expense deduction for grooming and laundry expenses of $1,821.23, which consist of: haircuts ($600), shaving razors ($446.52), liquid shoe polish ($50.12), wax shoe polish ($9.45), Brasso ($4.87), laundry ($140), dry cleaning ($480), and mileage related to dry cleaning ($90.27).  According to petitioners, these expenses were both required as a condition of employment and necessary to prevent certain health hazards.

Whether or not petitioner was required as a condition of employment to be neatly coiffed and clean shaven, the expenses he incurred for this purpose are inherently personal and cannot be considered.  See Drake v. Commissioner, 52

T.C. 842, 844 (1969).  Petitioner's testimony was insufficient to establish that any of the subject expenses were necessary to prevent any health hazard, and nothing in the agreement or other evidence submitted suggests differently.  Otherwise, petitioners have failed to substantiate the remaining grooming and laundry expenses, see sec. 6001, and are therefore not entitled to deduct them.

III.  Auto Expenses

Petitioners now claim an unreimbursed employee business expense deduction for auto expenses of $4,790.13, which, after their concession, is attributable to numerous trips to Super Cuts for haircuts, 8 trips to Pioneer Hospital, 2 trips to "Jail Court", 17 trips to the Calipatria State Prison for special events, 5 trips to the Calipatria State Prison for "annual" training, and 4 trips to the Fair Store, which was located near the Calipatria State Prison.

Petitioners' evidence in support of their claim to the auto expense deduction consists of:  (1) petitioner's testimony; (2) his date book, and (3) mileage logs prepared during the examination of petitioners' return.  The evidence, considered together, does not satisfy the strict substantiation requirements imposed by section 274(d) for such expenses.  First, petitioner's date book fails to identify a beginning destination, business purpose, or miles driven.  Second, to the extent his noncontemporaneous mileage logs fill in the blanks, because of various

inconsistencies between the date book and mileage logs we find the mileage logs to be unreliable.

Moreover, petitioners have failed to establish that the miles reflected in the mileage logs were for business purposes as opposed to personal travel (e.g., trips to Super Cuts) or that petitioner was not entitled to reimbursement for the mileage pursuant to the agreement, which provided reimbursement for "necessary and appropriate business expenses and travel expenses incurred 50 miles or more from home and headquarters," including mileage. For these reasons, petitioners are not entitled to deduct auto expenses.

IV. Weaponry Expenses

Petitioners now claim an unreimbursed employee business expense deduction for weaponry expenses of $7,950.92, which, after certain concessions by respondent, includes range fees, ammunition, and mileage to gun ranges, among various other expenses.

Petitioners have failed to produce any canceled checks, receipts, or other reliable documents either originally maintained or reconstructed that substantiate the weaponry expenses in excess of the amount now allowed by respondent. To the extent the expenses relate to mileage incurred driving to gun ranges,

petitioner's date book and mileage logs do not satisfy the strict substantiation requirements imposed by section 274(d), as noted above.

Nonetheless, we are satisfied that petitioner engaged in target practice at the gun range(s) in preparation for his quarterly weapons qualification and that the expenses associated with that practice, like those respondent now concedes, are ordinary and necessary business expenses. We think it is reasonable that he practiced as regularly as he claims in order to satisfy his weapons qualification, and we find that petitioner is entitled to deduct $1,839 for weaponry expenses in excess of any amounts respondent already allowed. See Cohan v. Commissioner, 39 F.2d at 543-544.

V. Miscellaneous Expenses

Petitioners now claim an unreimbursed employee business expense deduction for miscellaneous expenses of $5,278.05, which consists of: meals eaten at work ($3,958.85), meal replacements for health ($1,010.55), legal insurance ($208.65), and subscriptions ($100).

There is insufficient evidence in the record to establish that petitioner, while on duty and as a condition of employment with the CDCR, was required to purchase his meals through contributions made to a common meal fund. See Duggan v. Commissioner, 77 T.C. 911, 914-915 (1981). Furthermore, petitioners

have failed to produce any canceled checks, receipts, or other reliable documents either originally maintained or reconstructed that substantiate the deductions for meal replacements for health and subscriptions. However, the evidence shows that petitioner's legal insurance expense was employment related and that expense was paid through payroll deductions. Accordingly, petitioners are entitled to deduct a legal insurance expense of $211.08.[4] Otherwise, petitioners are not entitled to deduct miscellaneous expenses in excess of any amounts respondent already allowed for the year in issue.

## VI. Advanced Skills Training

Petitioners now claim an unreimbursed employee business expense deduction for advanced skills training of $8,979.89, which, after respondent's concessions, consists of: mileage to Copper Mountain for training ($2,562.56); travel, meals after the application of section 274(n), and lodging ($1,783.77); DVDs and training manuals ($639.63); and training equipment ($3,993.93).

Deductions for expenses related to advanced skills training in excess of the amounts respondent already allowed were not substantiated by written evidence, or if so, the written evidence fails to meet the strict substantiation requirements of

---

[4]No explanation is given for the $2.43 discrepancy between the amount petitioners paid for legal insurance and the amount petitioners now claim.

section 274(d) that apply to expenses for car and truck, travel, and meals and entertainment.  Furthermore, petitioners have failed to establish that the expenses are ordinary and necessary expenses related to petitioner's employment with the CDCR, or if ordinary and necessary, that he was not entitled to reimbursement for them pursuant to the agreement.  Accordingly, petitioners are not entitled to deduct advanced skills training in excess of any amounts respondent has already allowed.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.